## Rosenzweig, Admrx., *v.* Heller, Appellant.

Argued November 28, 1930. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*J. W. McWilliams*, with him *G. A. Troutman* and *Charles S. Wesley*, for appellant.—The court below erred in permitting plaintiff to amend: Knight v. R. R., 108 Pa. 250; Centofanti v. P. R. R., 244 Pa. 255; Roberts v. Baking Co., 283 Pa. 573; Platt v. Wilmont, 193 U. S. 602; LaBar v. R. R., 218 Pa. 261.

*Robert M. Bernstein*, with him *Arthur Harrison*, for appellee.—The amendment was properly allowed: The Harrisburg, 119 U. S. 199.

The limitation prescribed by a statute creating a cause of action will govern when it prescribes a longer as well as when it prescribes a shorter period than that fixed by the statute of the forum: Theroux v. R. R., 64 Fed.

84; Brunswick v. Bank, 99 Fed. 635; Usher v. R. R., 126 Pa. 206.

OPINION BY MR. JUSTICE SCHAFFER, January 5, 1931:

This action to recover damages for the death of her husband is being prosecuted by plaintiff, as administratrix ad prosequendum, so appointed by the proper authority of the State of New Jersey, where her deceased husband received the injuries which resulted fatally. The New Jersey statute provides that whenever the death of a person shall be caused by a wrongful act, the proceeding to recover damages shall be brought in the name of an administrator ad prosequendum of the decedent and that the action shall be commenced within two years after the death. As originally started, the action was brought in the plaintiff's name as widow on October 24, 1928. The decedent died August 3, 1928. The case went to trial on October 7, 1929, and following the production of the New Jersey statute by the defendant, the trial judge withdrew a juror. On October 24, 1929, plaintiff took a rule to amend the pleadings by substituting her name as administratrix ad prosequendum, to which defendant objected that so doing would introduce a new cause of action after the expiration of the time limit, one year, fixed by our Act of April 26, 1855, P. L. 309, for bringing suit. The court allowed the amendment and the question before us is whether our act or that of New Jersey controls. In the one event the action is unmaintainable and in the other it may proceed.

In his work on Conflict of Laws, section 86, page 171, Professor Goodrich says the authorities are divided on the question which cannot be regarded as settled. "Suit on a cause of action created by a statute thus limiting the right must, then, be brought within the time fixed by the law creating the claim. Suppose, however, that the lex fori creates a cause of action under similar circumstances, but provides a shorter limitation period. It would seem that the plaintiff could not recover if his ac-

tion was not within the limitation period set by the lex fori also. The right is not gone until it is lost under the law creating it. But the statute of the forum shows the local policy as to the time in which such actions are to be brought. It could well be interpreted as limiting locally created rights, and as a procedural bar to all actions of this type, no matter where arising." Wharton's Conflict of Laws, volume 2, 3d edition, page 1264, inclines to the view that the limitation of actions is governed by the law of the forum: "Assuming, however, that the time allowed by the foreign statute creating the cause of action has not expired, the plaintiff comes to the bar of the forum with a concededly existing cause of action; but it is not apparent why an action thereon does not, as in the case of an existing cause of action at common law, fall within the operation of the general principle that the limitation of actions is governed by the law of the forum. It may be that the same principle which characterizes the limitation prescribed by the foreign statute as a condition affecting the right of action itself, and not merely the remedy, will, when applied to the corresponding statute of the forum creating a similar cause of action, characterize the limitation prescribed by that statute as a matter of right rather than of remedy, and thus confine its operation to causes of action arising at the forum. This is by no means clear, however, since such a limitation appears to affect both the right and the remedy; and if it does affect the remedy, it is applicable to foreign causes of action not barred by the statute of their creation. But, even assuming that the special limitation prescribed at the forum affects the right only, and not the remedy, and is therefore not applicable to foreign causes of action, there may be a general limitation at the forum, which, upon the general principle that limitation is governed by the law of the forum, is applicable to foreign, as well as domestic, causes of action." And this view is taken by the editor in 46 L. R. A. (N. S.) 687, who digests the

authorities in a note. In its restatement on Conflict of Laws, No. 4, section 433, The American Law Institute sets forth that, "A limit of time for bringing suit contained in the death statute of the place of wrong is binding in every state, and no state will allow a recovery on the statute after the time has elapsed." In the comment of the reporter it is said that the limit of time is regarded as a condition of the right but that "The limit of time in the death statute of the forum may be interpreted as a statute of limitations for actions for death; and in that case the suit must be brought within the time limited in that statute, as well as within the time limited in the statute of the place of injury."

Appellant's counsel argues that our Act of 1855 is a general statute of limitations, applicable to all suits brought in this jurisdiction and therefore the amendment should not have been allowed, that the action must stand as originally brought and is in that form unmaintainable, under the New Jersey law. He affirms we have so ruled and points us to our opinions in Prettyman v. Irwin, 273 Pa. 522, and LaBar v. New York, Susquehanna & Western R. R. Co., 218 Pa. 261. In the first mentioned case, an action was brought within a year for damages due to death negligently caused. The summons was returned nihil. No further writ was issued until over two years later, when an alias was issued and served. An affidavit of defense was filed alleging the action was barred because of the delay. The court below assumed this could be decided as a preliminary question of law and entered judgment for defendant. Reversing, we determined that the statute when set up in the affidavit of defense could not be taken advantage of by having the suit dismissed merely because begun after the period fixed. In the opinion, Mr. Justice SIMPSON used this language (page 525) : "True, the cases above referred to were actions of assumpsit and not of tort; but, so far as affects the question now under consideration, the statutes are exactly alike. The Act of March

27, 1713, 1 Smith's Laws 76, provides that, depending on the nature of the action, suit must be brought within six years, two years or one year after the cause of action arose, 'and not after'; section 2 of the Act of April 26, 1855, P. L. 309, states that, for injuries resulting in death, 'the action shall be brought within one year after the death, and not thereafter'; and section 2 of the Act of June 24, 1895, P. L. 236, that for personal injuries not resulting in death, the action 'must be brought within two years from the time when the injury was done and not afterwards.' The same reasoning must, therefore, apply to all suits governed by any of these statutes."

In the LaBar Case, the husband of the plaintiff was killed in the State of New Jersey on December 24, 1905. Action was brought by the widow in her own right on August 13, 1906. On February 13, 1907, motion was made to amend the pleadings by adding the name of the plaintiff as administratrix of the deceased. The amendment was disallowed on the ground that it introduced a new cause of action. In affirming, we said (page 263), "It is authoritatively settled in this State that when a suit is brought for injuries resulting in death, the action must be instituted in the name of the persons, or personal representatives, to whom the right of action is given by the statutes of the state in which the injuries were inflicted and the death occurred...... Unless the amendment is allowed the right of action does not exist in the plaintiff...... As applied to the facts of the present case, if the suit had been brought in New Jersey the personal representative of the deceased husband would be required to bring it, and not the widow, in her own individual right, and this is equally true when the suit is brought in our State. It was not so instituted, and it is too late to amend the record so as to make the personal representative of the decedent a party to the record, as required by the New Jersey statute, *after the statute of limitations* had become a bar, because this in

legal effect introduced a new cause of action by the substitution of different parties." See also, as to introduction of new cause of action, Hogarty v. Phila. & Reading Ry. Co., 255 Pa. 237.

Appellee argues that at the time the LaBar Case was decided the New Jersey statute was the same as our own, with a limitation of one year for the bringing of the action, and therefore as the new cause of action would be introduced in either event, whether the New Jersey Act or our own applied, the decision then rendered is not controlling in the instant case. It is, however, on the principle laid down, that a statute of limitation of the state of the forum controls the action. We think this the sound rule, supported by the weight of authority, and prefer to follow our own decisions rather than those of other jurisdictions which may have decided otherwise. Statutes of limitation should operate equally upon litigants seeking relief in our courts, upon those invoking remedies here for causes of action originating elsewhere, the same as upon those whose rights arise directly in our Commonwealth. Applying this rule the plaintiff was too late with her amendment and the court below should not have permitted it. In Knight v. West Jersey R. R. Co., 108 Pa. 250, we said (page 253), "The statute of another state had no extraterritorial force, but rights under it will always, in comity, be enforced, if not against the policy of the laws of the forum. In such cases the law of the place where the right was acquired or the liability was incurred, will govern as to the right of action, *while all that pertains merely to the remedy will be controlled by the law of the state where the action is brought.*" In Hutchins v. Lamson, 96 Fed. 720, 721, the rule was thus stated: "The contention of the plaintiff in error that the Kansas statute of limitations alone can have any application to the case is manifestly not tenable. The general rule is that in respect to the limitation of actions the law of the forum governs, and while the courts will en-

force a limitation established under the law of another state, when applicable, it does not do so to the exclusion of the law of the forum. It would involve serious and possibly absurd consequences, if it were established that a right of action created and governed by the law of Kansas could be enforced in Illinois after the time when, by the law of the latter state, the action had been barred. The cases cited show that the law of Kansas, if applicable, will be enforced in Illinois, but they do not say nor imply that a like or different limitation by the State of Illinois may not apply."

The case of In re Harrisburg, 119 U. S. 199, is not of controlling authority with us, indeed the precise question with which we are now dealing was not there determined. That case was an admiralty proceeding involving both Pennsylvania and Massachusetts statutes of limitation which were one year in each instance. The court did not have occasion to determine which law applied. Platt v. Wilmot, 193 U. S. 602, gives color to the conclusion that the Supreme Court of the United States has not adopted the view that a foreign cause of action purely the creature of statute, will be enforced in the courts of the forum where the latter's statutory limitation relating to a similar cause of action has expired. The New York Court of Appeals would seem to have reached the conclusion that statutes worded as is our Act of 1855 are statutes of limitation: Sharrow v. Inland Lines, Ltd., 214 N. Y. 101. It is true that the United States Circuit Court of Appeals for the Eighth Circuit in Theroux v. Northern Pacific R. R. Co., 64 Fed. 85 (1894), held that an action for death by wrongful act, occasioned in a state which gives three years for suing therefor, may be maintained in another state, which gives only two years, at any time within three years. A reading of the opinion leads to the thought that the Circuit Court reached its conclusion, in part at least, because of its embracing jurisdiction of both states. In the more recent case of Hutchings v. Lamson,

96 Fed. 720, as heretofore pointed out, the opposite was ruled by the Circuit Court for the Seventh Circuit and it was held that the statute of the lex fori controlled.

Appellee's attorneys take the position that the Pennsylvania Act is not a general statute of limitations, that when a cause of action is created by a statute which limits the time within which an action may be commenced, such limitation, whether accompanied by express words of condition or not, is regarded as a limitation or condition of the cause of action itself. While certain cases from other jurisdictions apparently so hold, we think our own decisions heretofore cited foreclose the question against appellee's contention. The very language of the act marks it as a statute of limitation, not as one conditioning the right of action.

The judgment is reversed and is here entered for defendant.