## Travis v. Travis

W. Robert Thompson, for petitioner.

SAYERS, P. J.—This is a proceeding by petition for a judgment declaring the rights, status, and legal relations with regard to an alleged voidable or void marriage between the alleged minor plaintiff, Elizabeth Rush Travis, who is suing by her father and next friend, and the defendant William D. Travis, a minor, who has been summoned to answer by his mother and next friend. The facts as proved at the hearing in this proceeding are:

1. Elizabeth Rush Travis, the plaintiff, was born March 19, 1912, and was married at Wellsburg, Brooke County, W. Va., on August 23, 1930, being 18 years, 5 months and 4 days old, to William D. Travis, who was born July 12, 1913, and was at the date of said marriage 17 years, 1 month and 11 days old.

2. Both the plaintiff and defendant were citizens and residents of Greene County, Pa., at the time of their marriage in West Virginia, and both of them continued to maintain their citizenship and residence in the State of Pennsylvania up to the time of the hearing in this matter.

3. They obtained a certificate or license to marry from the Clerk of Courts of Brooke County, W. Va., on August 23, 1930, in which certificate William Travis represented himself to be 22 years of age, and Elizabeth Rush represented herself to be 22 years of age, and pursuant to this license they were married at Wellsburg, W. Va., on August 23, 1930, by Burt David Evans, a minister of the gospel.

4. No children were born of their marriage, and the parties to the marriage aforesaid, continuing to maintain their citizenship and residence in Greene County, Pa., have not since returning to Pennsylvania cohabited as man and wife in the State of Pennsylvania.

5. It appears by the laws of code of Virginia of 1860, page 529, sec. 1, incorporated in Barnes' West Virginia Code of 1923, page 1382, that "All marriages solemnized when either of the parties was . . . under the age of consent, shall, if solemnized within this state, be void from the time they are so declared by a decree of divorce or nullity."

6. Section 2 of the Acts of 1897, chapter 34, page 530 of the Virginia Code of 1860, incorporated in Barnes' West Virginia Code of 1923, page 1382, provides: "The age of consent of the male shall be eighteen years, and of the female sixteen years."

7. It also appears in the Virginia Code of 1860, page 530, sec. 4, Barnes' West Virginia Code of 1923, page 1383, that "when a marriage is supposed to be void, or any doubt exists as to its validity, for any of the causes mentioned in the first section of this chapter, either party may institute a suit for affirming or annulling the same, and upon hearing the proofs and allegations of the parties, the court shall render a decree affirming or annulling the marriage, according to the right of the case. In every such case, and in every other case where the validity of a marriage is called in question, it shall be presumed that the marriage is valid, unless the contrary be clearly proven."

### Discussion

Under the facts of this case, the court is of the opinion that it has jurisdiction to declare a judgment as prayed for in the petition and that the marriage, being void or voidable in West Virginia, may be declared void in Pennsylvania. The Divorce Law of Pennsylvania of May 2, 1929, P. L. 1237, provides that divorces from the bonds of matrimony may be granted in cases of impotence, bigamy, adultery, desertion, cruel and barbarous treatment, indignities to the person, fraud, force or coercion, conviction of crime, marriage within prohibited degrees of consanguinity, or marriage by one spouse after 2 years' absence of the other.

Only in the case of a bigamous marriage has the statute provided for an annulment, and even in that case it is provided that the procedure shall be the same as in other causes for divorce. There is no statutory proceeding whatever in Pennsylvania whereby a marriage which is void by reason of the legal incapacities of the parties thereto may be declared void. Consequently, the parties here have no other remedy than by this proceeding for a declaratory

judgment, which the court believes to be entirely proper and well adapted to terminate the uncertainty or controversy which has arisen between the parties to this proceeding.

The marriage was voidable or void in the State of West Virginia where it was solemnized, and being void there, under the circumstances of this case and by the comity of usages existing between the States of West Virginia and Pennsylvania, it is voidable or void in this State, and the remedy is simply controlled by the law of the State of Pennsylvania where this action is brought: Knight v. West Jersey Railroad Company, 108 Pa. 250; Rosenzweig, Admin'x, v. Heller, 302 Pa. 279, 285.

It is plain that under the laws of the State of West Virginia the plaintiff is entitled to an annulment of her marriage. And it seems equally plain to this court that it has jurisdiction to declare the marriage null and void under the Declaratory Judgments Act. In Seibert v. Seibert, 3 D. & C. 142, a proceeding was begun in Beaver County for the purpose of having a marriage entered into in Wellsburg, Brooke County, W. Va., annulled because the husband falsely declared the age of his proposed wife to be 21 years, whereas she was only 16 years of age at the time. This petition and application appears to have been based on a claim of fraud or coercion on the part of the husband, but as the only instance of fraud or coercion was a misstatement by the husband of his proposed spouse's age the court of Beaver County refused to assume jurisdiction on the petition and dismissed the application. The Seibert case sets forth a good reason why the application for relief was not properly founded on a libel or petition for divorce on the ground of fraud.

The case of McCalmont v. McCalmont, 93 Pa. Superior Ct. 203, relates to a petition for the annulment of a marriage under the Declaratory Judgments Acts, which was dismissed because the court said there was a more speedy remedy provided elsewhere for the determination of a case of that nature, although the alleged speedy remedy does not seem to be indicated in the opinion of the Superior Court. Moreover, the McCalmont case is distinguishable from the case at bar because all that was intended to be decided there was that the marriage of a paramour and a divorced respondent was void.

In Shallenberger v. Shallenberger, 8 D. & C. 235, the proceeding was by declaratory judgment to annul a bigamous marriage. The petition in that case was dismissed because by the Act of April 14, 1859, P. L. 647, provision was made for the annulment of bigamous marriages. The Act of 1859 was repealed by The Divorce Law of 1929, section 12 of which provides for the annulment of bigamous marriages by petition or libel for divorce.

In the case of Duchi v. Duchi, 11 D. & C. 610, President Judge Brownson of Washington County rightfully held, in the opinion of this court, that the Uniform Declaratory Judgments Act of 1923 provides a remedy in cases of this kind.

### Conclusions of law

1. The marriage of the plaintiff and defendant in Brooke County, W. Va., was illegally contracted and voidable under the laws of West Virginia at the time it was entered into.

2. Under the laws of West Virginia either party had a right to institute a suit for the purpose of affirming or annulling the said marriage.

3. There is no other remedy whereby the parties to this marriage, now residing in Pennsylvania, could have the validity of their marriage in West Virginia questioned than that provided by the Declaratory Judgments Act.

508

4. The right of the parties to this proceeding created by the statutes of West Virginia is, by the law of comity and usages between the States, enforcible in the State of Pennsylvania.

5. The law of the place where the marriage was performed governs in this case, and the remedy is controlled and provided by the Declaratory Judgments Act.

6. The marriage, under the circumstances of this case, so contracted in the State of West Virginia, was voidable there and is voidable in the State of Pennsylvania.

## Declaration

And now, July 18, 1932, it is ordered, adjudged, and declared that the marriage between William D. Travis and Elizabeth Rush Travis entered into at Wellsburg, Brooke County, West Virginia, on August 23, 1930, was contrary to the laws of West Virginia, and voidable at the will of either party.

2. That said marriage is on the application of Elizabeth Rush Travis, the plaintiff, voidable in West Virginia and is therefore declared to be null and void in the State of Pennsylvania.

3. That the said marriage is annulled and declared void, and the status, relations, rights, duties and powers of the said Elizabeth Rush Travis, plaintiff, and the said William D. Travis, defendant, are and shall be in all respects thereafter as if they had never entered into the said marriage or alleged marriage aforesaid.

4. The costs of this case are directed to be paid by Harriet E. Travis, the mother and next friend of William D. Travis, the defendant.

From S. M. Williamson, Waynesburg, Pa.