WILLIAM R. WHITE, Superintendent of Banks of the State of New York, *v.* JOHN GOVATOS.

*(December* 11, 1939.)

LAYTON, C. J., RODNEY and TERRY, J. J., sitting.

*James R. Morford* (of Marvel, Morford and Logan) for plaintiff.

*William Prickett* for defendant.

Superior Court for New Castle County, No. 167, September Term, 1938.

LAYTON, C. J., delivering the opinion of the Court:

At the time the suit was brought, *prima facie,* the right of action was barred by the general statute of limitations in respect of actions on the case. The plaintiff admits that the time within which an action may be brought to enforce a right ordinarily relates to the remedy and is subject to the law of the forum; but he contends that an exception to the rule is in the case where a liability unknown to the common law created by statute of one state is sought to be enforced in another State, the statute itself prescribing the period of limitation of the action. In such case, it is said, the period of limitation of the foreign statute is so much of the substance of the right conferred that it is operative in any jurisdiction where the plaintiff may sue, notwithstanding that the local law prescribes a shorter period which has expired.

It is generally *held* that where the time fixed by the statute for bringing suit has elapsed, and suit to enforce the right is brought in another jurisdiction having a period of limitation not expired, the limitation of the statute conferring the right of action is a condition attached to the right; and that the cause of action is extinguished, so that there is nothing to support an action anywhere.

Whether an action is maintainable in a foreign forum when, under the law of the state creating the liability, the right of action subsists, but is barred by the law of the forum, is a question as to which the authorities are in conflict. This question is for decision.

The plaintiff in support of his contention that, in such circumstances, the action is sustainable cites *Therous v. Northern Pacific R. Co.,* (8 *Cir.*) 64 *F.* 84; *Brunswick Terminal Co. et al. v. National Bank of Baltimore,* (4 *Cir.*) 99 *F.* 635, 48 *L. R. A.* 625; *Keep v. National Tube Co.,* (*C. C.*)

154 *F*. 121, and *Negaubauer v. Great Northern Ry. Co.*, 92 *Minn.* 184, 99 *N. W.* 620, 104 *Am. St. Rep.* 674, 2 *Ann. Cas.* 150. The Theroux case is the parent and leading case; and as in it the argument in support of the plaintiff's contention is more fully developed than in the other cases named, its reasoning and the authorities upon which the conclusion is rested will be particularly examined.

Suit was brought in a state court of Minnesota to recover damages for the alleged wrongful death of a person in Montana, and was removed to the federal court of Minnesota. By the Montana statute, the period of limitation was three years, while in Minnesota the limitation was two years. The suit having been brought within three, but more than two, years after the death, the defendant, by answer, raised the bar of the Minnesota statute, and had judgment on the pleadings. This judgment was reversed by the Circuit Court of Appeals. First, the court stated the principle laid down in *Boyd v. Clark*, (*C. C.*) 8 *F*. 849, that when a statute of a state or country gives a right of action unknown to the common law and, in conferring the right, limits the time within which the action may be brought, such limitation is operative in any jurisdiction where it is sought to enforce such right of action, citing *The Harrisburg*, 119 *U. S.* 199, 7 *S. Ct.* 140, 30 *L. Ed.* 358; *Munos v. Southern Pacif. Co.*, (5 *Cir.*) 51 *F*. 188; *Eastwood v. Kennedy*, 44 *Md.* 563; *Pittsburgh C. & St. L. Railway Co. v. Hine*, 25 *Ohio St.* 629, and *O'Shields v. Georgia Pacific Railway Co.*, 83 *Ga.* 621, 10 *S. E.* 268, 6 *L. R. A.* 152. The Court noticed what it termed an attempt to distinguish the case at bar from *Boyd v. Clark* on the ground that in that case it was sought to enforce a statutory cause of action in a foreign jurisdiction after it had ceased to be enforceable in the state of its creation, but was of opinion that the obvious difference between the two cases was not sufficient to take the case from the operation of the rule. The Court

then proceeded to say that the period of limitation contained in a statute conferring a new right was a constituent part of the liability intended to be created, and of the right intended to be conferred, and was not like an ordinary statute of limitations which merely affects the remedy; that if the courts of another state should refuse to permit the cause of action to be sued upon during a part of the period limited by the foreign law, to that extent they refuse to give effect to the foreign law, and thereby impair the right intended to be created; that the rule of comity requires that the courts of each state shall enforce every civil liability created by the laws of another state, unless the liability is clearly repugnant to some local law, or is opposed to the well established public policy of the state whose courts are asked to enforce it; that it was unable to see how the courts of Minnesota, much less a federal court sitting in Minnesota, could refuse to enforce a liability created by the Montana law as such refusal would subtract from the liability and impair the right intended to be conferred by the law of Montana; and that the two year limitation of the statute of Minnesota was only intended to apply to causes of action originating in that State, so that it could not be said that, by entertaining the suit, a well defined public policy of Minnesota was set at naught.

A word as to the cases cited by the court in support of its determination. In the case of *The Harrisburg* it was *held* that an action in admiralty to recover damages for wrongful death under a statute of a state limiting the action to one year could not be maintained five years after the death, the court saying that the time within which suit must be brought operates as a limitation of the liability itself as created and not of the remedy alone. In the *Munos case*, dependent upon the effect of the repeal of a repealing statute with respect to the period of limitation of an action for wrongful death, the limitation was either one year, or

was governed, not by specific limitation of the statute creating the liability but by the general statute of limitations of the state. Under the law of the forum the limitation was one year. In any event the suit had been brought too late. In *Eastwood v. Kennedy,* under the statute creating the liability, the period of limitation had expired although under the law of the forum, the action was maintainable. It was held that the statute creating the right of action was applicable. In *Pittsburgh C. & St. L. Railway Co. v. Hine,* no question of conflict of statutes was raised as only statutes of Ohio were involved. In *O'Shields v. Georgia Pacific Ry. Co.* the statute of the state creating the liability contained no period of limitation. The law of the forum was, of course, applied.

It is manifest that the decisions in these cases were based upon states of fact different from that before the court.

In the *Brunswick Terminal Co.* case, *supra,* the suit was brought in a federal court in Maryland to recover the amount of the defendant's liability as a stockholder of a Georgia Bank. The *Georgia Statute of Limitations* was twenty years, while the Maryland statute applicable to actions of *assumpsit* or debt was three years. It was *held* that the Georgia statute applied. In addition to the *Theroux Case* and the cases there cited, the Court referred to *Flash v. Conn,* 109 *U. S.* 371, 3 *S. Ct.* 263, 27 *L. Ed.* 966; *Fourth Nat. Bank v. Francklyn,* 120 *U. S.* 747, 7 *S. Ct.* 757, 30 *L. Ed.* 825; *and Andrews v. Bacon,* (*C. C.*) 38 *F.* 777. In *Flash v. Conn* no question of conflict of statutes of limitation was argued or decided. In *Fourth Nat. Bank v. Francklyn* the only question at issue was whether the plaintiff was required to allege and prove performance of a condition precedent prescribed by the statute of the state creating the liability. In *Andrews v. Bacon,* an action was brought in a federal court in Massachusetts to enforce a liability of

the defendants as stockholders of a corporation of New Jersey. The defendants contended that the action had been brought too late under the New Jersey statute; and the immediate question was when had the cause of action accrued. Following decisions of the New Jersey courts it was *held* that the action was founded on a statute and rested, therefore, upon a specialty, and was not barred by the *New Jersey Statute of Limitations* relating to actions founded upon any lending or contract without specialty. It does not appear that it was contended that the *Massachusetts Statute of Limitations* applied, nor what the terms of that statute were. The Court said that the case was governed by the New Jersey statute, citing *Fourth Nat. Bank v. Francklyn, supra.*

Again, the authority of these cases for the conclusion reached by the Court is not manifest.

The *Negaubauer Case, supra,* was similar on its facts to the *Theroux Case.* In addition to the *Theroux Case, Rodman v. Missouri Pac. Ry. Co.,* 65 *Kan.* 645, 70 *P.* 642, 59 *L. R. A.* 704, was cited; but in that case only the statutes of Kansas were involved, and no question was raised or decided with respect to conflicting statutes of limitation.

In *Keep v. National Tube Co., supra,* an action was brought in a federal court in New Jersey to recover damages for the death in Minnesota of a citizen of that state occasioned by the fault of the defendant. The Minnesota statute required the action to be brought in two years. The *New Jersey Statute of Limitations* was twelve calendar months. It was held that the Minnesota statute applied. Upon the particular point, the only case cited similar on the facts was the *Theroux Case.*

The plaintiff cites other cases in support of his position. In *Glenn v. Liggett,* 135 *U. S.* 533, 10 *S. Ct.* 867, 34 *L. Ed.* 262, suit was brought in a federal court in Missouri

to recover from the defendant the balance due upon an unpaid subscription to stock of a Virginia corporation. It was *held* that the accrual of the cause of action was controlled by the Virginia law. Indirectly what was said with respect to the statute of limitations of Missouri supports the defendant's contention. In *Engel v. Davenport,* 194 *Cal.* 344, 228 *P.* 710, reversed in 271 *U. S.* 33, 46 *S. Ct.* 410, 70 *L. Ed.* 813, the action was in a state court of California under the *United States Merchant Marine Act* (46 *U. S. C. A.,* § 688) to recover damages for injuries suffered. The local statute of limitations was one year. The period of limitations in the act was two years (45 *U. S. C. A.,* § 56). In the state courts it was *held* that the local statute was applicable. The Supreme Court of the United States, in reversing the judgment, based its conclusion upon the paramount authority of Congress over matters maritime, which must control in an action brought in a state court regardless of the statute of limitations of the state. None of the cases involving the usual questions of conflict of statutes of limitations was cited or discussed. In *Cristilly v. Warner,* 87 *Conn.* 461, 88 *A.* 711, 51 *L. R. A.* (*N. S.*) 415, the point of decision was that Connecticut courts would not enforce a penal statute of Massachusetts. In *Louisville & N. R. Co. v. Burkhart,* 154 *Ky.* 92, 157 *S. W.* 18, 46 *L. R. A.* (*N. S.*) 687, there is a dictum supporting the plaintiff's position.

The cases holding directly that the period of limitation of the action contained in a statute of a state creating liability prevails over the shorter period of limitation of the forum trace their authority to the case of *Theroux,* and in view of reasoning of the court in that case and the irrelevancy of the authorities cited, it is not surprising to find that the text writers and annotators are disposed to controvert or to doubt the correctness of the conclusions reached. *Note to Louisville & N. R. Co. v. Burkhart,* 46 *L. R. A.* (*N. S.*) 687; *Note to Tieffenbrun v. Flannery,* 68 *A. L. R.* 210;

3 *Beale, Conflict of Laws,* 1627; *Re-Statement, Conflict of Laws,* §§387, 603, 605; 2 *Wharton, Conflict of Laws,* § 549*b; Goodrich, Conflict of Laws,* § 86; 1 *Wood, Limitations,* 65. Nor is decisional authority wanting for the view that, in the situation presented by the record, the law of the forum controls with respect to the period of time within which an action may be brought.

In *Rosenzweig v. Heller,* 302 *Pa.* 279, 153 *A.* 346, a suit was brought on October 24, 1928, by a widow to recover damages for the death of her husband which occurred in New Jersey on August 3 of the same year. The *New Jersey Death Statute* gives the right of action to the personal representative of the deceased, and the period of limitation was fixed at two years (*N. J. S. A.* 2:47-3, 4). By the *Pennsylvania Death Statute* the limitation was one year (12 *P. S.,* § 1603). At the trial on October 7, 1929, upon the production of the New Jersey statute by the defendant, an amendment became necessary, and a juror was withdrawn. On October 24, 1929, an amendment was allowed substituting the plaintiff's name as administratrix over the objection of the defendant that by so doing a new cause of action would be introduced after the expiration of one year as provided by the Pennsylvania statute. On appeal the judgment was reversed. The Court was of opinion that the sound rule supported by the weight of authority was that the statute of limitations of the forum controls the action, observing that statutes of limitations should operate equally upon litigants seeking relief in Pennsylvania courts upon those invoking remedies here for causes of action originating elsewhere, the same as upon those whose rights arise directly in Pennsylvania. The case of *The Harrisburg* was said not to be controlling, as the precise point was not dealt with in that case; and that the case of *Platt v. Wilmot,* 193 *U. S.* 602, 24 *S. Ct.* 542, 48 *L. Ed.* 809, gives color to the conclusion that the Supreme Court of the

United States has not adopted the view that a foreign cause of action created by statute will be enforced in the courts of the forum where the latter's statutory limitation relating to a similar cause of action has expired. The court preferred to follow the case of *Hutchings v. Lamson,* (7 *Cir.*) 96 *F.* 720, rather than the *Theroux Case.*

In *Hutchings v. Lamson et al.,* (7 *Cir.*) 96 *F.* 720, the action was brought in a Federal Court in Illinois under a Kansas statute to enforce against the defendant a statutory liability as stockholder in a Kansas corporation. The trial court *held* that the action was barred by limitation of time, both under the statute of Kansas and that of Illinois. Both statutes, contained exceptions, and the ruling on the demurrer filed was held to be erroneous. It was contended, moreover, by the plaintiff in error that the Kansas statute of limitations alone could have application. This contention was held to be untenable. The court said that the general rule is that in respect to the limitation of actions the law of the forum governs, and while courts will enforce a limitation established under the laws of another State, when applicable, they will not do so to the exclusion of the law of the forum, as it would involve serious and possibly absurd consequences, if it were established that a right of action created and governed by the law of Kansas could be enforced in Illinois after the time when, by the law of the latter state, the action had been barred.

In *Tieffenbrun v. Flannery,* 198 *N. C.* 397, 151 *S. E.* 857, 68 *A. L. R.* 210, the plaintiff, a widow, sued the defendant in North Carolina for damages resulting from the death of her husband in Florida through the alleged negligence of the defendant. In Florida the statute of limitations was two years, in North Carolina, one year. The action was brought within two years but after the expiration of one year. The judgment of the lower court dismissing the action was sustained. It was contended that the North Car-

olina statute was not a statute of limitations but a condition annexed to the cause of action, and as the plaintiff had a valid cause of action in Florida, she was entitled to maintain it in North Carolina. The court first *held* that statutes which provide that no action shall be brought, or right enforced, unless brought or enforced within a certain time are statutes of limitation. The question was squarely put, whether a cause of action arising in one state can be maintained in another state having a shorter time period. After discussing authorities, the court said that all statutes of limitations are essentially time clocks, and while the North Carolina statute had been construed as a condition annexed to the cause of action, it was also a time limit to the procedure, at all events, a legislative declaration of the policy of the state, and it was not to be supposed that the legislature intended to confer on non-residents more extensive rights in the courts than accorded to its own citizens.

In *Broderick, Superintendent of Banks of New York, v. Pardue, (Tex. Civ. App.)* 102 *S. W.* 2d 252, 254, it was attempted to enforce the New York statute against a citizen of Texas, within six but more than two, years after the accrual of the cause of action, the limitation of the Texas statute being two years (*Vernon's Ann. Civ. St. Art.* 5526). Apparently on the ground of violation of its public policy judgment against the plaintiff was affirmed, the court saying,

"The rule in Texas is that, if such foreign statute as here attempted to be applied, 'limits or restricts' the time within which a claim may be barred under the laws of Texas, it would be recognized as fair to a citizen of Texas, under the declared public policy and the law prescribing same, and would be given effect in Texas' courts. If, however, such foreign statute has the effect of 'enlarging or extending' the time prescribed by the laws of Texas for the bringing of a suit to enforce a claim, such as here attempted, then it will not be recognized or enforced by the courts of this State."

*Engel v. Davenport, supra,* as has been said was reversed upon the ground that the authority of Congress in matters maritime is supreme; but the reasoning of the Cali-

fornia court on the question is not without authority. After saying that generally the *lex fori* will govern with respect to the period of time within which an action may be brought in the particular jurisdiction, it stated the plaintiff's contention that this rule did not prevail where a time limit appears in a statute creating a right; and the court proceeded to say that there is an exception to the general rule that the law of the forum controls in the case where a statutory liability limited in time is sought to be enforced. In such case such right can be maintained only within the time limited by the statute creating the right, regardless of the jurisdiction, the reason being that the lapse of time operates to extinguish the right; but obviously this reasoning applies only when the period prescribed by the statute creating the liability is shorter than the period provided by the law of the forum; that there was no logical reason why the doctrine should exclude the operation of the general rule which refers the question of limitation to the law of the forum, if the period prescribed by the statute of the foreign state creating the liability has not expired; that the exception to the general rule being based upon the theory of the extinguishment of a right by lapse of time, such actions will not fall within the exception, but will be governed by the law of the forum, if the time prescribed by the statute creating the right is longer than that prescribed by the local law, for the reason for the exception ceasing to exist, the exception itself ceases to exist.

In *Wright v. Kroydon,* (*N. J. Cir. Ct.*) 154 *A*. 195, 9 *N. J. Misc.* 287, an action was brought by an administrator in New Jersey to recover for the death of his intestate which occurred in Michigan. The limitation in the *Michigan Death Statute* was three years, while in New Jersey it was two years. The action was brought after the expiration of two years but within three years. The Court *held* that the New Jersey statute applied, and the action was barred.

See also *Continental Illinois National Bank & Trust Company of Chicago v. Best*, *(D. C.)* 20 *F. Supp.* 80; *White v. Liskovsky*, 3 *A.* 2*d* 123, 17 *N. J. Misc.* 8; *Platt v. Wilmot*, 193 *U. S.* 602, 24 *S. Ct.* 542, 48 *L. Ed.* 809; *Ramsden v. Knowles*, (1 *Cir.*) 151 *F.* 721, 10 *L. R. A.* (*N. S.*) 897; *Weaver v. Baltimore & O. Railroad Co.*, 1 *Mackey* (21 *D. C.*) 499; *Broderick, Superintendent of Banks of New York, v. Kunde*, *(Cal. App.)* 69 *P.* 2*d* 451, where it was admitted that the *California Statute of Limitations* controlled any action filed in California based upon the *New York Banking Law*, but it was sought to distinguish the accrual of the cause of action and the creation of the liability.

 Comity it a word expressive of the foundation and limitation of the obligation of the laws of one state within the territory of another. By the word a positive rule of law is not meant, but a rule of practicality, based upon a proper regard for the laws and institutions of a foreign state. The obligation is not imperative, and however regarded as a basis of jurisdiction, the truth remains that jurisdiction depends on the law of the forum, and this law, in turn, rests on the public policy declared by the legislature. It was a rule of the common law that a right never dies; and therefore the right to institute an action existed for any length of time. Sound policy and public convenience required that the right be restrained, to quiet possessions, to secure repose from litigation, and to prevent injustice. *Perkins v. Cartmell's Adm'r*, 4 *Harr.* 270, 42 *Am. Dec.* 753. The period prescribed by the statute of limitations defines the maximum time within which, in the judgment of the legislature of a state, substantial justice can be done. No principle of comity demands that the forum shall regard a right of action as living which has no life by the law of its creation. As to this the authorities generally are agreed. Where the situation is reversed, as in the instant case, and the right of action is alive under the law of its creation,

but is barred by the law of the forum, the cases in support of the plaintiff's position proceed on the theory that the limitation of time declared by the state in creating the liability is so far substantive in character that, in the true spirit of comity, it must be enforced notwithstanding that, by the policy of the forum, the action is barred; otherwise the right itself would be diminished.

With the highest respect for the courts adhering to this view, we are unable to agree with the reasoning they adopt. It is one thing to say that the time limitation contained in an act creating a liability and conferring a right of action is a condition annexed to the enforcement of the right, and quite another that it is so much of the substance of the right that it must be enforced everywhere. The conclusion is not demanded except upon a refined and artificial logic. In refusing to give weight to the well recognized truth that the period of limitation contained in the statute creating the liability affects the remedy as well as the right, a provision which, intrinsically, is a time limitation, is exalted into one of pure substance of the right. Rights of action created by statute are put in a separate class and upon a higher plane than those existing at the common law, with no substantial reason therefor. And, in the name of comity, the public policy which the state of the forum has the right to establish and to enforce is subordinated to that of the state which has created the liability.

On the other hand, the rule contended for by the defendant is the general principle that questions affecting the remedy are to be decided by the law of the forum. The application of the rule in a case of the kind before the Court does not, in a real sense, impair the right of action. The courts of the forum recognize and respect the right of action; and even though by their own public law the liability does not exist, yet they will not refuse the remedy in a proper case. When, however, their own statute of lim-

itation operates as a bar, they do refuse the remedy for the reason that the principle of comity does not demand the surrender of the public policy of the state with respect to the time within which suits may be brought in its courts.

The applicable statute in this State declares that no action on the case shall be brought after three years from its accrual. There is no exception with respect to a right of action created by statute of another state; and the Court is without power to create such exception. *Lewis v. Pawnee Bill's Wild West Co.*, 6 *Penn.* 316, 66 *A.* 471, 16 *Ann. Cas.* 903.

The demurrer to the plea must be overruled, and an order will be entered.