**CARPENTER v. ROHM & HAAS CO., Inc.**

**Civ. No. 976.**

District Court, D. Delaware.

Feb. 13, 1948.

Laurie J. Carpenter, in pro. per.

Morton E. Evans and Marvel & Morford, all of Wilmington, Del., for defendant.

RODNEY, District Judge.

This is an action brought by the plaintiff, a citizen of New York, against the defendant, a Delaware corporation.

The plaintiff, acting in propria persona and without counsel, has filed the complaint and has personally appeared at the argument of the motion for summary judgment. The complaint is so inartistically drawn that it is difficult to construe it by any known standard. Giving to the language of the complaint every favorable implication, the following would seem to be the general contentions:

It is generally alleged that the defendant manufactured a product having a trademark of "Acryloid," labeled with instructions, "Poison;" that the product was used by Western Electric Company in their plants in New York where the plaintiff was exposed to inhalation of vapors from the chemical during most of the year 1944 and occasionally during 1943 and 1945. Other parts of the complaint, in the plaintiff's language, were as follows:

"8. Plaintiff does not know the exact formula of the chemical but assumes that part of the formula is revealed in U. S. Patent Nos. 2,171,727 and 2,171,765.

"9. Plaintiff has a heart damage as shown by an electrocardiograph, which he alleges to be caused by said chemical.

"10. The allegation is based first on the fact that said chemical is a depressant on all of the bodily functions, including the heart.

"11. Second, plaintiff alleges that the chemical inhaled destroys tissue and blood sufficient to cause embolism, which eventually involves the heart; by reason of its being a sequel to the manufacture of formic acid.

"12. Third, selenic acid used by the patent No. 2,171,727 is a dangerous compound, as selenium is used in insecticides, selenous acid probably dissolves gold, and selenium is radioactive in light and negative photophoric which is propelled toward light and sometimes its intended effect in light is cancelled by its own electric current. (Source information encyclopedia)

"13. Therefore it is reasonable that selenium in the blood would supersede and block out oxygen. If precipitated, it might cause hideous red pigmentation.

"14. In the event that the chemical as described so far could be relatively inert to vaporization, which plaintiff does not believe is a fact when it is carried over with another solvent, plaintiff would like to know, what solvent is used to render the vapor poisonous???"

The defendant filed an answer setting out three defenses, the third of which was that "The right of action set forth in the complaint did not accrue within one year next before the commencement of this action."

The plaintiff then filed a "reply to the answer," consisting of 31 paragraphs and a supplementary reply of 12 paragraphs. No reply to the answer or supplementary reply having been ordered by the court, and the reply and supplementary reply being largely irrelevant and objectionable,

734

so pursuant to Rule 7(a), they are not allowed or considered.

The defendant then filed a motion for summary judgment under Rule 56 [1] upon the ground, *inter alia,* that the action was barred by the Delaware statute of limitations. With the motion for summary judgment were filed several affidavits, one of which avers that the plaintiff was discharged by the Western Electric Company on September 19, 1945. No answering affidavits or other matter was presented by the plaintiff. In 1946 the plaintiff filed a claim under the Workmen's Compensation Law of New York, Consol. Laws, c. 67, which was disallowed on December 3, 1946 for failure to produce any proof. The present action was filed November 27, 1946.

■■■ Jurisdiction is here based upon diversity of citizenship. The pertinent principles of conflict of laws of the State of Delaware must be applied. Klaxon Company v. Stentor Manufacturing Company, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. The appropriate principle of the law of Delaware is that if the action is barred by the statute of limitations of the forum, no action can be there maintained though the action is not barred in the jurisdiction where the cause of action arose. White v. Govatos, 1 Terry, 349, 361, 40 Del. 349, 361, 10 A.2d 524. This is in accord with general principles. Restatement of Conflict of Laws, Sec. 603, p. 720; Goodrich, Conflict of Laws (2d Ed.) p. 201. The applicable Delaware statute of limitations is Section 5133, Revised Code of Delaware 1935, which provides: "No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of one year from the date upon which it is claimed that such alleged injuries were sustained."

There is no contention that the injuries were sustained subsequent to November 26, 1945 or later than the plaintiff's discharge on September 19, 1945.

■■■ Where the defendant pleads a statute of limitations and moves for summary judgment, and it appears that the action is barred by the appropriate statute of limitations and there is no genuine issue as to any material fact in connection with such statute, or such motion, then the motion for summary judgment should be granted. McGrath v. Helena Rubenstein, Inc., D.C.S.D.N.Y., 29 F.Supp. 822; Means v. MacFadden Publications, Inc., et al, D.C. N.Y., 25 F.Supp. 993.

The motion for summary judgment must be granted.

[1] Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.