See also 25 F.R.D. 186.

**Marguerite B. LUNN, Widow and Executrix of Estate of William M. Lunn, Deceased, Plaintiff,**

**v.**

**UNITED AIRCRAFT CORPORATION, Defendant.**

**Civ. A. No. 2063.**

United States District Court
D. Delaware.

Feb. 23, 1960.

Robert W. Wakefield, Foulk, Walker, Miller & Wakefield, Wilmington, Del., and Eugene G. Lamb, Oppido & van Horne, Mineola, N. Y., for plaintiff.

Henry M. Canby, and E. Norman Veasey, Richards, Layton & Finger, Wilmington, Del., for defendant.

RODNEY, Senior District Judge.

This matter involves a diversity action in which two questions are presented but this opinion deals with only

one, viz., the application of the Statute of Limitations to a claim for personal injuries sustained by a deceased person in a suit brought by the personal representative after the death of the injured person.

The facts may be summarized as follows and as set out in the complaint.

It is alleged that the defendant designed, manufactured and sold to New York Airways, Inc. a certain helicopter with the knowledge that it would be used by others including the deceased; that the deceased, William M. Lunn, was an employee of New York Airways, Inc.; that the helicopter operated by Lunn crashed and burned at LaGuardia Airport, New York on November 30, 1956, in which accident Lunn was severely burned and as a consequence of which he died January 13, 1957. The plaintiff alleges many acts of negligence on the part of the defendant in the design, manufacture and sale of the helicopter, which allegations of negligence need not be here considered.

The accident, as stated, occurred November 30, 1956. The plaintiff was granted Letters Testamentary in New York on September 2, 1958 [1] and this suit was instituted in the United States District Court for the District of Delaware on November 26, 1958, The complaint quotes a provision of Section 130 of the Decedent's Estate Law of New York whereby a personal representative is given the cause of action for wrongful act, neglect or default by which decedent's death was caused where the defendant would have been liable to an action in favor of the decedent if death had not ensued. Such action, by the New York Statute, was required to be brought within two years after decedent's death.

At an earlier stage of this case, the plaintiff contended that the application of the Statute of Limitations could not be raised by a motion to dismiss the complaint and for this was cited Curtis v. Drybrough, D.C.W.D.Ky., 70 F.Supp. 151, 154 and Carlisle v. Kelly Pile & Foundation Corp., D.C.E.D.Pa., 72 F. Supp. 326.

The Curtis case did not pass upon the question of whether the Statute of Limitations could be raised by a motion to dismiss. The Carlisle case was reversed on reargument in D.C., 77 F.Supp. 51, but on other grounds. The later law of the Western District of Pennsylvania appears in Sauters v. Young, D.C.1954, 118 F.Supp. 361 and White v. American Barge Lines, D.C., 127 F.Supp. 637.

In the District of Delaware it is clear that, under appropriate circumstances, the application of the Statute of Limitations may be raised by a motion to dismiss. Park-In Theatres v. Paramount-Richards Theatres, D.C., 90 F.Supp. 727, affirmed 3 Cir., 185 F.2d 407; Henis v. Compania Agricola De Guatemala, D.C., 116 F.Supp. 223, affirmed 3 Cir., 210 F.2d 950. See also 2 Moore Fed.Prac. page 2257 and 5 Cyc.Fed.Proc. (3rd Ed.), page 545.

It is unnecessary to consider the New York law, for this being a diversity case brought in the District of Delaware the plaintiff concedes that the applicable Statute of Limitations is that of Delaware. This precise question was passed upon by this Court, as presently constituted, in Carpenter v. Rohm & Haas Co.[2] where it is said:

"Jurisdiction is here based upon diversity of citizenship. The pertinent principles of conflict of laws of the State of Delaware must be applied. Klaxon Company v. Stentor Electric Manufacturing Company, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. The appropriate principle of the law of Delaware is that if the action is barred by the statute of limitations of the forum, no action can be there maintained though the action is not barred in the jurisdiction where the cause of action arose.

---

1. Brief of defendant.

2. D.C., 75 F.Supp. 732, 734; 3 Cir., 170 F.2d 146; certiorari denied 336 U.S. 904, 69 S.Ct. 490, 93 L.Ed. 1069.

White v. Govatos, 1 Terry 349, 361, 40 Del. 349, 361, 10 A.2d 524. This is in accord with general principles. Restatement of Conflict of Laws, Sec. 603, p. 720; Goodrich, Conflict of Laws (2d Ed.) p. 201. * * * "

While the plaintiff concedes that the Delaware Statute of Limitations applies in this case, yet a controversy exists as to which Delaware statute concerning limitations of action is applicable.

■ The defendant contends that the applicable Delaware statute is 10 Del.C. § 8118 which provides:

"No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 1 year from the date upon which it is claimed that such alleged injuries were sustained."

Since the fatal accident occurred in New York, another Delaware Statute may have some pertinence. 10 Del.C. § 8120 provides:

"Where a cause of action arises outside of this State, an action can not be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state * * * where the cause of action arose."

The contentions of the plaintiff as to the applicable Delaware statute have not been briefed but presented by oral argument. Such contentions, as I understand them, are set forth as follows:

Prior to 1949 (47 Del.Laws Chapter 383) a cause of action for personal injuries did not survive the death of the injured person where no suit had been brought by such person; that by the present law, 10 Del.C. § 3701 (as amended by the 1949 Statute) the action for personal injuries does survive; that 10 Del.C. § 8106 lists causes of action subject to a three year limitation and among these are actions "based on a statute". From this it is contended that the claim of the plaintiff as executrix to recover for personal injuries of the decedent "is based on a statute" and subject to a three year limitation and not to the one year limitation of 10 Del.C. § 8118.

The contentions of the plaintiff would seem to be completely disposed of from two viewpoints. The Statute relied upon (10 Del.C. § 8106) has appended to it the express provision "subject, however, to the provisions of sections 8107–8109 and 8118 of this title." This clearly shows that the action for personal injuries embraced within Section 8118 is not within the provisions of the three year limitation provided by Section 8106.

It is equally clear that the claim of the executrix for the personal injuries suffered by the decedent and arising under 10 Del.C. § 3701 is not a claim "based on a statute" as set out in 10 Del.C. § 8106. This was expressly held in Coulson v. Shirks Motor Express Corp., 9 Terry 561, 48 Del. 561, 107 A.2d 922, 925, where after discussing the Survival Statute as amended in 1949, the Court stated:

"The result of this amendment has not been the creation of a new cause of action, but rather the continuance in the executor or administrator of a deceased of the same right of action which accrued to the deceased during his lifetime because of the negligent act of the defendant."

The personal injuries of the decedent having been sustained on November 30, 1956, from which injuries he died on January 13, 1957 without having brought any suit for such injuries, and the present suit having been instituted on November 26, 1958, it must follow that the claim of the plaintiff executrix for the damages for such personal injuries suffered by the decedent in his lifetime must be dismissed under the applicable Delaware statute.

It is obvious that I am not dismissing any claim arising from the death itself.

An appropriate order may be submitted.