Anthony **NATALE** and Julia Natale,
his wife, Appellants,

v.

The **UPJOHN COMPANY** and Lakeside
Laboratories, Inc.

No. 15198.

United States Court of Appeals
Third Circuit.

Argued June 11, 1965.

Submitted Sept. 4, 1965.*

Decided Feb. 15, 1966.

Joseph F. Mulcahy, Jr., James P. McHugh, Chester, Pa., Henry A. Wise, Jr., Wilmington, Del., for appellants.

Edmund N. Carpenter, II, Richards, Layton & Finger, Wilmington, Del., for appellee, The Upjohn Co.

F. Alton Tybout, Herbert L. Cobin, Wilmington, Del., for Lakeside Laboratories, Inc.

Before KALODNER, Chief Judge, and HASTIE and SMITH, Circuit Judges.

KALODNER, Chief Judge.

This appeal is from the District Court's dismissal of the plaintiffs' diversity action on the ground that it was barred by the Delaware Statute of Limitations which provides that actions for personal injuries, whether in contract or tort, must be brought within two years.[1]

---

* On September 4, 1965, an Amended Complaint was filed pursuant to leave granted, properly pleading diversity of citizenship.

1. The Delaware Statute of Limitations is applicable to all actions for personal injuries, whether in contract or tort. Pat-

terson v. Vincent, 5 Terry 442, 44 Del. 442, 61 A.2d 416 (Sup.Ct.1948).

Prior to July 9, 1960, the Delaware Statute of Limitations, 10 Del. § 8118 provided:

"No action for the recovery of damages upon a claim for alleged personal in-

The action was brought in the District Court of Delaware April 29, 1964—four years after the alleged cause of action accrued. The Complaint alleged that on April 29, 1960, there had been administered to the wife plaintiff in the course of her treatment, in a Pennsylvania hospital, for depressive disorders, the defendant Upjohn Company's drug Monase, and in May 1960, the defendant Lakeside Laboratories' drug Katron; that the drugs had caused her to suffer blurred vision, color-blindness and other ills, necessitating extensive medical care; and that the defendants had breached implied and express warranties that the specified drugs were "fit and safe for human use and consumption".

The plaintiffs contended below, as they do here, that the 2-year period in the Delaware statute of limitations does not bar their action for the reason that Section 2–725 of the Uniform Commercial Code, as enacted by Pennsylvania in 1953, 12A P.S.,[2] which prescribes a 4-year statute of limitations for the commencement of an action for breach of warranty, created a "built-in" "substantive right" which is given effect under the Delaware conflict rule as construed in Pack v. Beech Aircraft Corporation, 11 Terry 413, 50 Del. 413, 132 A.2d 54, 67 A.L.R.2d 207 (1957), later discussed.

The District Court chose to premise its dismissal of the action on its view that

Section 2–725 of the Pennsylvania Code is "procedural" and not "substantive" for the reasons that the right to bring an action for breach of warranty was not created by the Code but existed prior to its enactment, and that "This alone prevents the four year statute of limitations which is embodied in the Code from having the status of a 'built-in' statute which is a substantive part of a statutory right or liability", and further that "the legislature of Pennsylvania did not intend that the four year period of limitations should be a substantive part of the right." Natale v. Upjohn Company, 236 F.Supp. 37, 41, 42 (D.Del.1964).

While we are in accord with the view expressed by the District Court, as developed in its opinion, we prefer to affirm its dismissal of the instant action on the ground that the Delaware conflict of law rule, decisional and statutory, independently, so required, without more.

■ This is a diversity action and where a federal court has jurisdiction by virtue of diversity it must give effect to the conflict of law rule of the state in which the action is brought. Klaxon Company v. Stentor Electric Manufacturing Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Hartwell v. Piper Aircraft Corporation, 186 F.2d 29, 30 (3 Cir. 1951).

The Delaware conflict rule is incorporated in its Borrowing Statute, 10 Del.C.

juries shall be brought after the expiration of 1 year from the date upon which it is claimed that such alleged injuries were sustained."
This provision was amended by 52 Del. Laws, Ch. 339, § 2, effective July 9, 1960, to change the 1 year period to a 2 year period.

2. § 2–725 provides in relevant part as follows:
"Statute of Limitations in Contracts for Sale
"(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.
\* \* \* \* \*
"(4) This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this Act becomes effective. (1953, April 6, P.L. 3, § 2–725.)"

§ 8120, which became effective April 9, 1947. The Statute provides as follows:

"Cause of action arising outside State—

"Where a cause of action arises outside of this State, *an action can not be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose,* for bringing an action upon such cause of action. Where the cause of action originally accrued in favor of a person who at the time of such accrual was a resident of this State, the time limited by the law of this State shall apply." (emphasis supplied)

■ In the instant case the action, as earlier stated, was brought after the 2-year period fixed in the Delaware Statute of Limitations had expired. Since the Delaware 2-year limitation is "shorter" than the 4-year limitation for the bringing of an action for personal injuries arising out of breach of warranty provided by the Pennsylvania Code, it prevails under the clear and explicit provisions of the Delaware Borrowing Statute.

The Borrowing Statute is consistent with the state's decisional law prior to its enactment.

In White v. Govatos, 1 Terry 349, 40 Del. 349, 10 A.2d 524 (Super.Ct.1939), which preceded by some eight years enactment of the Borrowing Statute, it was held that when a statute of limitations of the forum had expired, as in the instant case, an action was barred even though the period of limitation fixed by the statute of the state which created the right of action had not expired.

In *White* the plaintiff, as Superintendent of Banks of the State of New York,

brought an action against the defendant as a stockholder of an insolvent New York bank, to recover the amount of the assessment levied against him by the plaintiff under Section 113-a of the New York Banking Law (Consol.Laws c. 2). The New York statute provided that an action to enforce such liability must be brought within six years after the cause of action accrued. The Delaware statute, section 5129, Rev.Code 1935, provided that no action on the case should be brought after the expiration of three years from the accrual of the cause of action. The *White* suit was brought within six years, but after the expiration of three years, of the accrual of the cause of action. Thus, the situation in *White* was four-square with that in the instant case where the suit was instituted after the expiration of the Delaware 2-year limitation but prior to the expiration of the 4-year limitation for the bringing of such an action fixed by Pennsylvania law.

In holding that the Delaware 3-year limitation barred the action even though in New York 6-year limitation had not expired, the court said in *White:*

"When * * * their own statute of limitation operates as a bar, they [the courts of the forum] do refuse the remedy for the reason that the principle of comity does not demand the surrender of the public policy of the state with respect to the time within which suits may be brought in its courts.

"The applicable statute in this State declares that no action on the case shall be brought after three years from its accrual. There is no exception with respect to a right of action created by statute of another state; and the Court is without power to create such exception." 10 A.2d 529, 530.[3]

3. *White* was cited and followed in Carpenter v. Rohm & Haas Co., Inc., 75 F. Supp. 732 (D.Del.1948), Aff'd 170 F.2d 146 (3 Cir.), cert. den. 336 U.S. 904, 69 S.Ct. 490, 93 L.Ed. 1069 (1949), where it was held that under the conflict of laws principles of Delaware, where action for injuries is barred by limitations of the forum, no action can be maintained there though the action was not barred in the jurisdiction where the cause of action arose.

Some eight years after the enactment of the Borrowing Statute, it was held in Gaffney v. Unit Crane and Shovel Corporation, 10 Terry 381, 49 Del. 381, 117 A.2d 237 (Super.Ct.1955) that it made applicable the Delaware 3-year statute of limitations for the bringing of an action for breach of contract although the statute of limitations of Pennsylvania, where the contract was entered into, fixed a 6-year period.

In so holding the Court said:

"The contract under consideration in this case arose in the state of Pennsylvania, where the statute of limitations is six years, but there seems to be no doubt that the Delaware statute of limitations [three years] applies. This appears from the * * [Borrowing] statute." 117 A.2d 238.

We do not regard Pack v. Beech Aircraft Corporation, supra, as reversing *White* and *Gaffney,* or as judicial interposition with respect to the force of the Borrowing Statute, even though it contains *obiter dicta* which has been recruited to support the contention that it does so.

In *Pack* the court was dealing with that part of the Borrowing Statute which relates to a cause of action which "originally accrued in favor of a person who at the time of such accrual was a resident of this State", and which provides that in such instance "the time limited by the law of this State shall apply."

It was not concerned with a situation such as here where the plaintiffs were residents of Pennsylvania seeking recovery for a cause of action which had

accrued to them by reason of rights accruing in Pennsylvania.

The specific question which the court was called upon to decide was whether a cause of action which accrued to a Delaware resident under the Wrongful Death Act of New Jersey was subject to the general 3-year time limitation for the bringing of a wrongful death action in Delaware, or the shorter 2-year time limitation fixed for the institution of such an action by the Wrongful Death Act of New Jersey. The court held that since the New Jersey statute created a substantive right arising by reason of wrongful death, non-existent under the common law, the right expired when it was not pursued within the 2-year limitation for its exercise, and that consequently no right existed to bring such an action in New Jersey or elsewhere.

Assuming arguendo, that the dicta in *Pack* must be regarded as having engrafted upon the Delaware Borrowing Statute the principle that it is inapplicable in situations where the law of another state creates a substantive right to an action and fixes a longer limitation than that provided by Delaware law with respect to a similar cause of action, we hold, as the District Court did, that *Pack* is without impact in the instant case because the Pennsylvania Code did not create a substantive right to bring an action for breach of warranty and that the time limitation therein is only procedural.

Since no Pennsylvania court has decided whether the 4-year limitation for bringing a breach of contract action as provided in § 2–725 of the Code is substantive or procedural,[4] we are required

---

In so holding the Court said (75 F.Supp. p. 734):

"Jurisdiction is here based upon diversity of citizenship. The pertinent principles of conflict of laws of the State of Delaware must be applied. * * * The appropriate principle of the law of Delaware is that if the action is barred by the statute of limitations of the forum, no action can be there maintained though the action is not barred in the jurisdiction where the cause of action arose. White v. Go-

vatos, 1 Terry, 349, 361, 40 Del. 349, 361, 10 A.2d 524. This is in accord with general principles. Restatement of Conflict of Laws, Sec. 603, p. 720; Goodrich, Conflict of Laws (2d Ed.) p. 201."

4. The 4-year limitation in § 2–725 of the Pennsylvania Act was construed to be procedural and not substantive in Lewis v. Food Machinery and Chemical Corporation, John Bean Division, 245 F.Supp. 195, 199 (W.D.Mich.1965).

to consider such an approach to the problem as may be indicated by the Pennsylvania cases in the general field to reach a conclusion consistent with Pennsylvania law. We must in particular seek such guidance as may be afforded by the cases in which the Pennsylvania courts have considered and decided whether a limitation in a Pennsylvania statute is substantive or procedural.

In the leading case of Rosenzweig v. Heller, 302 Pa. 279, 153 A. 346 (1931) where the Supreme Court of Pennsylvania was required to rule on the question as to whether the time limitation in the Pennsylvania Wrongful Death Act of 1855, 12 P.S. § 1603, was procedural or substantive, it was held that the limitation was procedural only. The Court so ruled even though it recognized that the Act granted a new right of action which was unknown to the common law, and as the District Court pointed out, "the time limitation was directed specifically and exclusively to an action under the statute."

The holding in *Rosenzweig* was adhered to by the Pennsylvania Supreme Court in the later case of Echon v. Pennsylvania Railroad Company, 365 Pa. 529, 76 A.2d 175 (1950).

We are aware of the fact that the general rule is that where a statute creates the plaintiff's right that factor is terminative of the question as to whether the time limitation for enforcing it is substantive rather than procedural. Goodwin v. Townsend, 197 F.2d 970, 972 (3 Cir. 1952), citing Davis v. Mills, 194 U.S. 451, 24 S.Ct. 692, 48 L.Ed. 1067 (1904). That very circumstance, however, makes more compelling our subscription to the view that the Pennsylvania Supreme Court, which has chosen not to adhere to the general rule, would hold that the statutory limitation in § 2–725 is procedural.

Our determination is buttressed by the consideration that the Uniform Commercial Code does not create the right, as far as Pennsylvania is concerned, to bring an action for damages for breach of warranty, nor remedies therefor. The right and the remedy existed prior to the enactment of the Code in Pennsylvania.

As Judge Steel so well stated in his opinion in the court below at 236 F.Supp. 41, 42:

"Actions for breach of express warranty existed both at common law and under the Sales Act in Pennsylvania. 1 Williston on Sales, §§ 194, 199 (Rev. ed. 1948). This was likewise true of actions for breach of the implied warranty of fitness of purpose. The St. S. Angelo Toso, 271 F. 245, 246 (3rd Cir. 1921). * * * The type of claim which Mrs. Natale is asserting against defendants was not created by the Code but it is one which existed prior to its enactment. This alone prevents the four year statute of limitations which is embodied in the Code from having the status of a 'built-in' statute which is a substantive part of a statutory right or liability."

To this must be added the fact that prior to its enactment of the Code, Pennsylvania applied its general tort statute of limitations to personal injury actions deriving from breach of warranty. See Jones v. Boggs & Buhl, Inc., 355 Pa. 242, 49 A.2d 379 (1946).

Gardiner v. Philadelphia Gas Works, 413 Pa. 415, 197 A.2d 612 (1964), cited by the plaintiffs in support of their contention that the Pennsylvania courts would hold § 2–725 substantive, only held that it established a 4-year limitation for institution of suits for personal injury arising out of a breach of warranty, instead of the 2-year period under prior law relating to such actions.

Indeed, the Court, in the cited case, specifically declared that its holding "will effect no change in the substantive law of the Commonwealth", in this statement at page 419, 197 A.2d at page 614.

"In this Commonwealth we have always recognized that a personal injury claim based upon a breach of warranty is a distinct claim from a personal injury claim based on neg-

ligence. [citing cases]. Under such circumstances, a holding that Section 2–725 controls in this instant situation *will effect no change in the substantive law of the Commonwealth."* (emphasis supplied)

For the reasons stated, the District Court's Order dismissing the Complaint will be affirmed.