LILLIE D. LOWER, ADMINISTRATRIX, v. ADOLPH SEGAL.

The plaintiff, an administratrix appointed under the statute of New Jersey, sues to recover damages for the death of her intestate, who died of injuries caused by the wrongful negligence of the defendant in Pennsylvania, the statute of which state gives in such case the right of action to the widow of the deceased. *Held*, on demurrer, that this action cannot be maintained by the administratrix.

------

On demurrer to declaration.

The plaintiff brings her action, as administratrix of John W. Lower, deceased, alleging, by the first count, that on July 5th, 1894, the deceased was a bricklayer employed by defendant in the construction of a building in Philadelphia, and that the defendant did not provide a secure scaffold, and the same fell while deceased was standing on it, and he sustained injuries from which he died in a few minutes.

The declaration further alleges the issuing of letters of administration by the surrogate of Camden county, to the plaintiff, dated July 11th, 1894, and that deceased left him surviving Lillie D. Lower, his widow, and a daughter.

The declaration also sets out two statutes of the State of Pennsylvania, to wit, section 19 of act No. 358, approved April 15th, 1851, pamphlet laws of that year, page 647, which reads as follows:

"That whenever death shall be occasioned by unlawful violence or negligence, and no suit for damages be brought by the party injured during his or her life, the widow of any such deceased, or if there be no widow, the personal representatives may maintain an action for and recover damages for the death thus occasioned."

And an act of the said State of Pennsylvania, entitled "An act relating to damages for injuries producing death, No. 323."

"Section 1. Be it enacted by the senate and house of representatives of the commonwealth of Pennsylvania, in general assembly met, and it is hereby enacted by the authority of the same, That the persons entitled to recover damages for any injury causing death, shall be the husband, widow, children or parents of the deceased and no other relative; and the sum recovered shall go to them in the proportion they would take his other personal estate in case of intestacy and without liability to creditors.

"Section 2. That the declaration shall state who are the parties entitled in such action; the action shall be brought within one year after the death, and not thereafter."

Argued at February Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the demurrer, *Cortlandt Parker, Jr.*

*Contra, Howard Carrow.*

The opinion of the court was delivered by

GARRISON, J.   The cause of action in this case arose in Pennsylvania.   The plaintiff is an administratrix appointed by the courts of New Jersey.   The statute of this state providing for the recovery of damages in cases where the death of a person is caused by wrongful act, negligence or default (*Rev., p.* 294), confers no right of action in such case.   It creates a rule unknown to the common law, and is, therefore, inoperative for the redress of wrongs done in other jurisdictions.   For a like reason the statute of Pennsylvania, *propria vigore*, confers no right to sue in this state for a cause of action created by that jurisdiction and occurring there.   The statute of Pennsylvania is, however, not repugnant to our domestic policy, as is evinced by our having modified the common law upon like principles in the interest of our own citizens.   It is, therefore, the duty of our courts to recognize and enforce the rule of the sister commonwealth.   *Wright* v. *Remington*, 12 *Vroom* 48.

If, however, the statutes be variant as to the form of the remedy, that given by the statute from which the right of action is derived will be enforced, unless it violates some rule or policy of the forum.   A procedure that takes a right of action from the statute of one jurisdiction and a form of redress from that of the other, lacks the legal justification of either. That is the case here.   The suit is brought by a personal representative, which is the proper form under our statute ; but the action is not under our statute, but under that of Pennsylvania, where the widow and not the personal representative is given the right to sue.   *Penna. Stat., Pamph. L.* 1851, *p.* 674, § 19; *Id.* 1855, *p.* 309, § 1.   The construction put upon these statutes by the courts of Pennsylvania is in no state of uncertainty.   *Railway Company* v. *Decker*, 84 *Pa. St.* 419, 425 ; *Birch* v. *Pittsburgh Railroad Co.*, 30 *Atl. Rep.* 826.

In these cases it is said, referring to the provision of the act of 1855, "if the deceased leaves a husband, he alone is clothed with the right of action ; if the wife is a survivor, she is entitled to bring suit."

Judicial notice is taken of the law of Pennsylvania as illustrated by these reported cases under the twenty-third section of our act concerning evidence, which provided that "the reports of the judicial decisions of other states * * * may be judicially noticed by the courts of this state as evidence of the * * * judicial construction of the statutes and laws thereof." *Gen. Stat., p.* 1401.

The right of action being vested in the widow, she is the only person who can maintain the suit, whether in the domestic tribunals or elsewhere, since she is everywhere the widow of the husband whom she survives.

From these considerations it is clear that the plaintiff cannot, as administratrix, maintain this action, and upon this ground the demurrer is sustained. It may be well to say that so much of the declaration as relates to the statutory duty of the constructors of buildings in Pennsylvania, is surplusage and the proper subject of a motion to strike out as an embarrassment to proper pleading.

No point is made of the circumstance, patent upon the face of the declaration, that the year within which, by the Pennsylvania statute, the action could be brought had expired before the bringing of this suit by the administratrix. The questions of construction and pleading in such case are, therefore, not *sub judice*.