LILLIE D. LOWER, ADMINISTRATRIX, v. ADOLPH SEGAL.

1. The declaration was based upon a statute of Pennsylvania, and sought to recover damages for the death of plaintiff's intestate in that state, occasioned by defendant's negligence. Upon demurrer it was held bad because it disclosed that plaintiff was the widow of deceased, and that by the law of Pennsylvania the action could not be maintained by a personal representative under such circumstances.

2. Application being made by plaintiff to amend the proceedings so that the action may appear to have been brought by her as widow—*Held*— (1) That the propriety of making the amendment asked must be determined without reference to the fact that plaintiff is both widow and personal representative of the deceased; and the amendment should only be made if, in case this action had been brought by another person as such personal representative, the widow should be permitted to substitute herself as plaintiff and amend the proceedings so as to present her claim against defendant.

(2) Such an amendment would not tend toward the determination in this suit of the real question in controversy between the parties thereto, but would operate to institute a new suit between different parties and presenting other questions; it is not an amendment that the court is. required to make.

(3) The amendment asked would be unreasonably vexatious to defendant, for it appears on the face of the declaration that the action was not brought within the period limited by the laws of Pennsylvania for bringing such actions.

On application to amend.

Argued at November Term, 1896, before Justices DEPUE, MAGIE and GUMMERE.

For the plaintiff, *Howard Carrow.*

For the defendant, *Richard. Wayne Parker.*

The opinion of the court was delivered by

MAGIE, J.   In this case the declaration was pronounced by this court, upon a demurrer thereto, to be faulty and incapable of supporting the action.   *Lower, Administratrix,* v. *Segal,* 30 *Vroom* 66.

The action was by an administratrix, and the declaration disclosed that she sought to recover damages for the death of her intestate, which was alleged to have occurred in the State of Pennsylvania and to have been caused by the negligence of his employer, the defendant.   It also set out the law of Pennsylvania whereby it appeared that an action could be maintained to recover damages for a death so caused.   But the fault found in the declaration was that it claimed such damages in behalf of the administratrix of the deceased, whereas the law of Pennsylvania expressly provided that when the deceased left a widow the action for such damages is to be brought by her.

Plaintiff's counsel now moves to amend the summons and declaration in such manner that the action may appear to be one brought by the widow of deceased.   The administratrix is alleged to be in fact his widow.

In my opinion this motion ought not to be granted.

In the first place, such an amendment would be unreasonably vexatious to the defendant. As was pointed out by Mr. Justice Garrison, in the opinion delivered upon the demurrer, it appears upon the face of the declaration that the action was brought after the lapse of one year from the death of deceased. The law of Pennsylvania, which we are asked to recognize and enforce by comity, expressly declares that such an action "shall be brought within one year after the death, and not thereafter." The action is created by the statute of that state, and our courts could not enforce it if brought after the period limited by that statute.

Furthermore, I am of opinion that we are not required to make such an amendment by the provisions of section 138 of the Practice act (*Gen. Stat.*, p. 2556), which directs us to make all amendments necessary for the determination in an existing suit of the real question in controversy between the parties. In considering whether these provisions require the amendment now asked for, it is obvious that the question presented is the same as would be presented if the present plaintiff were John Doe, administrator of the deceased, and cannot be affected by the fact that the plaintiff is both the administratrix and the widow of deceased. The right of the widow to turn this action into one in her own behalf cannot be greater than her right to intervene with a similar motion in an action brought by some other person as the personal representative of her husband.

The one hundred and thirty-eighth section has been liberally construed by our courts. It has been held to justify and require amendments (when the real question in controversy has been fully and fairly tried and correctly settled), to adapt pleadings to the issue really tried, although not that originally upon the record; to change the form of action so as to present the issue really tried, and that by a court of review; to change the plaintiff where her action was tried upon sealed instruments, by which it was deemed defendant's liability was shown to be, not to her, but to her agent, and

to make such agent the plaintiff on the record, and to add a wife as plaintiff on the record when the damage done to property of which she and her husband (the original plaintiff) were seized by a conveyance to both, had been fully and fairly settled on a trial by arbitrators. *City of Hoboken* v. *Gear,* 3 Dutcher 265 ; *Price* v. *New Jersey Railroad and Transportation Co.,* 2 *Vroom* 229 ; *American Life Insurance Co.* v. *Day,* 10 *Id.* 89 ; *Farrier* v. *Schroeder,* 11 *Id.* 601 ; *Guild* v. *Parker,* 14 *Id.* 430 ; *Ware* v. *Millville Insurance Co.,* 16 *Id.* 177; *Vunk* v. *Raritan Railroad Co.,* 27 *Id.* 395 ; *Excelsior Electric Co.* v. *Sweet,* 28 *Id.* 224.

But the real question in controversy between the personal representative of the deceased and defendant has never been tried. On the contrary, this court has declared that, upon the statements of the declaration, no such question existed. Nor has the real question in controversy between the widow and the defendant ever been tried, but she seeks by this amendment to intervene in this suit and to present that question which she might have presented in an action brought by her. In my judgment, the provisions of section 138 do not apply to such a case and do not require the amendment to be made. The amendment would not continue the existing suit except in mere form, but would *create* and *institute* a new suit with a new question and in a controversy between different parties.