61 133
70 578

JOHN COOPER KEY v. SARAH E. PAUL.

CHARLES KEY v. SARAH E. PAUL.

1. Orders made by a single judge at chambers, even though made under the express authority of a statute, are generally subject to review by the court itself.

2. But such orders, made in matters of discretion not involving the substantial rights of parties, will not generally be reviewed by the court.

3. The court will not review an order made by a single judge refusing to strike out a plea as frivolous.

In tort. On motion to vacate order denying motion to strike out pleas and to strike out said pleas as frivolous.

Argued at November Term, 1897, before Justices VAN SYCKEL, DIXON and COLLINS.

For the motion, *John J. Crandall.*

*Contra, David O. Watkins.*

The opinion of the court was delivered by

DIXON, J. During vacation the plaintiffs moved before Mr. Justice Ludlow for an order striking out the defendant's pleas as frivolous, under section 314 of the Practice act. *Gen. Stat., p.* 2585. This motion being denied, a rule to that effect was entered, and the plaintiffs now move before the court for an order vacating the order of Mr. Justice Ludlow and striking out the pleas as frivolous.

The practice of moving in vacation before a single judge for orders incident to the progress of a cause is quite ancient, and is supported at common law because of the convenience thus afforded to suitors and of the relief to the court. *King* v. *Almon, Wilm.* 264. In New Jersey it has, besides, the sanction of the legislature.

Such orders are, however, generally subject to review by the court itself (*Peterson* v. *Davis,* 6 *C. B.* 235; *Darrington* v. *Price, Id.* 309; *Thompson* v. *Becke,* 4 *Q. B.* 759; *In re Stretton,* 14 *Mees. & W.* 806; *Pike* v. *Davis,* 6 *Id.* 546), even though the judge acts by the express authority of a statute (*Robinson* v. *Burbidge,* 9 *C. B.* 289; *Chilton* v. *Carrington,* 15 *Id.* 730; *Owens* v. *Woosman, L. R.,* 3 *Q. B.* 469).

But when the motion appeals merely to the discretion of the judge and does not involve the substantial rights of the parties, the court will usually not review his action. *Rex* v. *Archbishop of York,* 1 *Ad. & E.* 394.

The application to strike out a plea as frivolous is of this discretionary character.

There are certain legal rules according to which it can be

decided whether a plea is bad or not; but whether a plea is so bad as to be frivolous is a question which often cannot be brought to the test of any definite rule of law, but must be determined by the judge in each case according to his view of the degree in which the plea lacks conformity to rule. Nor is any substantial right of the plaintiff prejudiced by a refusal to strike out a plea as frivolous; he may still have the legal validity of the plea adjudged on demurrer.

Our conclusion is that the motions should be denied.