JOSEPH J. FITZHENRY v. THE CONSOLIDATED TRACTION COMPANY.

Argued November 1, 1898—Decided February 9, 1899.

1. A father, as such, cannot maintain an action to recover for the loss of services upon the death of his son caused by the negligence of another. The action to recover pecuniary damages resulting to him by the death of his son is only maintainable under the Death act (*Gen. Stat.*, p. 1188) by the personal representative of the deceased son.

2. After an action has been commenced by the father as such, and declaration has been filed, to which a demurrer has been presented, an amendment to the summons and declaration substituting the personal representative of the deceased party, as plaintiff in the action under the Death act, will not be allowed, because it would be the institution of a new action between different parties and raising new questions, and would be vexatious, especially if it appear that the statutory period in which the new action could have been brought has expired. By such an amendment the defendant would be deprived of a plea, which it could have if the action was commenced in the name of the personal representative of the deceased.

On motion to amend the summons and declaration.

Before Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the plaintiff, *John I. Weller.*

For the defendant, *Vredenburgh & Garretson.*

The opinion of the court was delivered by

LIPPINCOTT, J. The action in this case was in the name of the father, Joseph Fitzhenry, for damages resulting to him by the death of his son, Joseph Fitzhenry, Jr., by the alleged negligence of the defendant. The summons was issued in the name of the father, and the declaration in the case averred the death of the son and claimed damages by reason of the death, not as administrator, but as father, for the loss of services. No grant of letters of administration was averred in the declaration.

This action was misconceived. It should have been commenced in the name of the personal representative of the deceased son, under the Death act of this state, for the benefit of the father as the sole next of kin. This form of action is absolutely directed by the statute (*Gen. Stat., p.* 1188), and it could be maintained in no other way. *Lower, Administratrix, v. Segal,* 31 *Vroom* 99.

To the declaration a demurrer was filed. The father has

now obtained administration of his deceased son, and a motion is made to amend by adding the words " administrator of the estate of Joseph Fitzhenry, Jr., deceased," after the name of the plaintiff in the summons and declaration.

It is to be observed that this amendment would not be the only one necessary to be made in order that action should be in accordance with the Death act, but conceding, for the purpose of argument, that the amendment be sufficient, yet still it is one which cannot be made under section 138 of the Practice act.   *Gen. Stat., p.* 2556.

One of the defences to the action, if it was now commenced in the name of the administrator under the Death act, would be that the action is barred by the statute of limitations. This appears upon the face of the declaration as it now stands. By this amendment, if it could have any legal effect, it is proposed to deprive the defendant of this defence. Besides, by this amendment, new questions would be raised which are no part of the action as it now exists, and by this amendment the defendant is not only to be deprived of its rights of pleading proper and substantial defences, but the plaintiff, upon such exclusion, desires to present the same questions which might have been presented if the action had originally been instituted in the name of the administrator. The amendment would prejudice the defendant in its defences and also rests under the opprobrium of being vexatious.   *Lower, Administratrix,* v. *Segal, supra.*

The motion to amend is denied, with costs.