HOWARD W. MILLER v. WEST JERSEY AND SEASHORE RAILROAD COMPANY.

Submitted March 20, 1908—Decided June 22, 1908.

Under section 126 of the Practice act (*Pamph. L.* 1903, *p.* 572), authorizing all such amendments as may be necessary for the purpose of determining in the existing action the real question in controversy between the parties, it is the question which the parties hoped and intended to try, not the question at issue upon the record, which determines the real question in controversy. *Hoboken* v. *Gear,* 3 *Dutcher* 273, followed.

On motion to vacate order permitting amendment of declaration.

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the motion, *Gaskill & Gaskill.*

*Contra, John W. Wescott.*

The opinion of the court was delivered by

SWAYZE, J. After the decision of this court, reported in 42 *Vroom* 363, the plaintiff obtained from a justice of the

court an order allowing him to amend his declaration so as to count upon negligence on the part of the defendant in failing to protect the plaintiff, a passenger, from the conduct of employes of another railroad who were using trucks upon the same station platform. The original declaration counted upon negligence of defendant's servants in using the freight trucks. The present motion is to vacate the order allowing the amendment.

The authority for the amendment is to be found in section 126 of the Practice act (*Pamph. L.* 1903, *p.* 572), which requires that all such amendments as may be necessary for the purpose of determining, in the existing action, the real question in controversy between the parties, shall be made. This section was originally section 46 of the act to simplify pleadings and practice in courts of law. *Pamph. L.* 1855, *p.* 288. Soon after its passage the question arose whether the real question in controversy was the question put at issue by the pleadings or the question which the parties hoped and intended to try in the cause. *Hoboken* v. *Gear,* 3 *Dutcher* 265. In the course of an interesting opinion, Chief Justice Green referred to *Wilkin* v. *Reed,* 15 *C. B.* 192, in which, under a somewhat similar statute, the English court held that the amendment should not be permitted because in fact the question in controversy appeared from the evidence and opening of counsel to be the question which was at issue upon the pleadings, and the effort to amend was therefore in fact an attempt to try another cause of action than that which the parties hoped and intended to try. Chief Justice Green, in commenting upon that case, said: "What the real question in controversy between the parties was is here ascertained, not from the pleadings alone, but also from the evidence and from the opening of the plaintiff's counsel, and the power of amendment is held to extend to the introduction of matters which the parties hoped and intended to try in the cause, and not to be limited to matters within the issue upon the record. This I conceive to be the sound interpretation of the statute." 3 *Dutcher* 273. Under this ruling what is the real question in controversy becomes a question of fact, and under *Key* v.

*Paul,* 32 *Vroom* 133, we ought not to review the action of the justice who made the order.

We have, however, at his request, considered the question and are of the opinion that his action was correct. The opinion of this court upon the rule to show cause demonstrates that the question which the parties sought to try—the real question in controversy which they hoped and intended to try—was that sought to be presented by the amended declaration. The decision did not turn upon the question of pleading but upon the failure of the plaintiff to establish a case under the evidence. The amendment which was permitted merely made the declaration conform to the case attempted to be made by the proofs on the former trial. Such an amendment is well within the precedents in this state.

In Hoboken *v.* Gear the plaintiff declared in *indebitatus assumpsit* for the value of services which he had rendered. It turned out that he had been paid for all services actually rendered and was really seeking to recover unpaid salary for the balance of the term for which he was employed. The amendment was permitted.

In *Farrier* v. *Schroeder,* 11 *Vroom* 601, an amendment was permitted after trial, changing the plaintiff, and this met with the approval of the Court of Errors and Appeals.

In *Guild* v. *Parker, Receiver,* 14 *Vroom* 430, suit was brought against the executor of Hannah M. Wilson, the devisee of Daniel M. Wilson, upon the theory that Daniel M. Wilson had incurred the liability in his lifetime. It turned out that the liability had been incurred by his executrix after his death; an amendment was permitted, and sustained by the Court of Errors and Appeals.

In *Vunk* v. *Raritan River Railroad Co.,* 27 *Vroom* 395, a husband brought suit alone for injuries to real estate of which he and his wife were seized as tenants by entireties. In order to prevent a failure of justice the court allowed the wife to be made a party after an award by arbitrators and ordered judgment in favor of the husband and wife on the award, although

in the meantime the wife's right of action had become barred by the statute.

These cases are particularly strong in favor of liberality in allowing amendments because the statute extends only to the real question in controversy between the parties, and the cases permit a change of parties where the question in controversy is not changed. It is only where a change of parties will introduce an entirely different controversy that amendment has been denied. *Lower* v. *Segal,* 31 *Vroom* 99; *Fitzhenry* v. *Consolidated Traction Co.,* 34 *Id.* 142.

In the present case, if the facts had warranted the verdict for the plaintiff, an amendment of the declaration might have been made in this court to make the pleadings conform to the facts. We see no reason why, when the case is remitted for a new trial, the same amendment may not be made. Section 126 expressly authorizes amendments at all times. It differs from section 125 which authorizes amendments in the case of variance at the trial, where terms must be imposed if the variance is such as might mislead the adverse party. When the record was remitted for a new trial, the present case stood in the same position as if it had never been tried, and it was manifestly fair for the plaintiff to apply for the amendment in advance in order to avoid misleading the defendant by the variance at the trial. The case presented by the amendment was one which the plaintiff had attempted to prove at the former trial, and was not different in character from that originally declared upon. Both the original and the amended declaration counted on negligence of a common carrier toward its passenger arising out of the management of freight trucks upon a station platform. The proof necessary, if the trucks were managed by the servants of the defendants, differed from that which is necessary when the trucks are managed by the servants of another company, but the gist of the action—negligence in the care of a passenger—is the same. The essential averment is that the defendant negligently permitted an agent of the Pennsylvania Railroad Company to run one of the trucks over the plaintiff's foot. The averment of knowledge on the part of the defendant that

the agents of the Pennsylvania railroad were using the platform is not necessary as a matter of pleading, however essential it may be to prove it in order to establish the negligence charged against the defendant.

The motion is denied, with costs.