*48 Vroom.*                    Rankin v. Central R. R. Co.

CATHARINE RANKIN, ADMINISTRATRIX, &c., v. CENTRAL
RAILROAD COMPANY OF NEW JERSEY AND PHILA-
DELPHIA AND READING COMPANY.

Argued June 2, 1908—Decided November 9, 1908.

1. A judgment of nonsuit will not be set aside when it appears that
   the plaintiff could not recover without such an amendment of the
   pleadings as would create and institute a new suit with a new
   question in a controversy between different parties.
2. A suit instituted in New Jersey by the administratrix of a de-
   ceased person, for damages under the Death act, when the death
   charged to the negligence of the defendant happened in the State
   of Pennsylvania, where the only person entitled to prosecute an
   action for such damages is the widow of the deceased, cannot be
   maintained by such administratrix in the courts of this state, nor
   will an amendment of the summons and declaration be allowed,
   the effect of which is to make the widow of the deceased the
   plaintiff in the place of the personal representative who instituted
   the suit.

**GALE LAW LIBRARY**

On rule to show cause.

Before Justices REED, BERGEN and VOORHEES.

For the plaintiff, *James M. E. Hildreth.*

For the defendants, *Nelson Y. Dungan.*

The opinion of the court was delivered by

BERGEN, J. A judgment of nonsuit having been entered
in favor of the Philadelphia and Reading Railway Company,
a rule to show cause was allowed why it should not be vacated.
The rule permitted the taking of affidavits, from which it ap-
pears that the plaintiff had retained a member of the bar of
the State of New Jersey, who brought suit in her name as
administratrix of her husband, and that issue was joined on
August 18th, 1906; that the case was noticed for trial at the
following September term of the Hudson County Circuit
Court, but was not tried; that it was not noticed for trial for

the December term, 1907, of that court, and upon notice given by the defendant, the Philadelphia and Reading Railway Company, to the counsel of record, the nonsuit was granted. It also appears that on October 23d, 1907, the plaintiff consulted a non-resident attorney, Mr. Charles H. Edmunds, a member of the bar of the State of Pennsylvania, who on November 9th, 1907, called upon the attorney of record, and was told by him that he had retired from the case and had handed over to the plaintiff the papers connected therewith. The non-resident attorney, instead of retaining a member of the bar of this state to prosecute the matter, undertook by conferences with the counsel of the defendant to make a settlement, in which he was not successful, and on November 30th, more than a month after his client had discharged her New Jersey counsel and employed Mr. Edmunds, he retained Mr. Hildreth, the present attorney of record. It was then too late for Mr. Hildreth to give notice of trial for the succeeding December term, and so far as the case shows no attempt was made to give such notice, for want of which the nonsuit was allowed. It is quite clear that the failure to give the notice of trial was due to the fact that plaintiff had employed a non-resident attorney, one presumably unacquainted with the practice in this state, or if acquainted, disqualified from acting as attorney of record for her. Whether such methods of practice in our courts should be encouraged by relieving parties from the natural result of such a proceeding, need not be passed upon in this case, because the judgment ought not to be opened under the well established rules of procedure in this state.

The declaration in this case shows that the suit was instituted to recover damages for the death of plaintiff's intestate caused by an accident which happened in the State of Pennsylvania, which it is charged resulted from the negligent act of the defendant, but there is no averment in the declaration that there is any statute in that state which would entitle the plaintiff to recover, and no proof can be introduced to support an action for damages resulting from the death of the deceased through the negligence of the defendant, because in

the absence of such statute the presumption is that the common law rule prevails, and in order to prove that there is such a statute in a sister state it must be averred in the pleadings. If the declaration should be amended, and the statute of Pennsylvania set up in the pleadings, it would appear that the right of action is vested in the widow, and not in the personal representative, and as was said by Mr. Justice Garrison, in *Lower* v. *Segal,* 30 *Vroom* 66: "The right of action being vested in the widow she is the only person who can maintain the suit whether in the domestic tribunals or elsewhere, since she is everywhere the widow of the husband whom she survives." Therefore, if a case of surprise and merits had been disclosed and this judgment opened, the plaintiff having brought her suit as the personal representative of the deceased and not as widow, she could not recover without an amendment of her pleadings, so in order that the plaintiff might proceed with her action it would be necessary to amend all of the pleadings that it might appear that she was prosecuting her action as widow, and not as the personal representative of the deceased.

Such an amendment was refused in a similar case in *Lower* v. *Segal,* 31 *Vroom* 99. In that case an action was instituted by a wife as administratrix to recover damages for the death of her husband which occurred in the State of Pennsylvania, and she applied for leave to amend the summons and declaration in such manner that the action might appear to be one brought by the widow of deceased, instead of his personal representative, and it was there held by this court, Mr. Justice Magie writing the opinion, that the amendment would not continue the existing suit except in mere form, but would create and institute a new suit with a new question in a controversy between different parties. The determination in that case would be controlling in this, and if no nonsuit had been granted, and the plaintiff was now moving for the amendment necessary to state her cause of action in a form necessary for recovery, it would be refused.

In *Fitzhenry* v. *The Consolidated Traction Co.,* 34 *Vroom* 142, the application was to amend the pleadings in a suit

brought by a father to recover for the loss of services upon the death of his son, by adding the words "Administrator of the estate of Joseph Fitzhenry, Jr., deceased," as the name of the plaintiff in the summons and declaration, but the amendment was refused, citing *Lower* v. *Segal,* 31 *Id.* 99. It thus appears that for want of an amendment which the court would not allow if applied for, the plaintiff has not stated a cause of action and a nonsuit would ultimately follow, and under such circumstances the present judgment of nonsuit ought not to be opened, and the rule to show cause is discharged.