68 N.J. Super. 399 (1961)
172 A.2d 458
THOMAS O. MARSHALL, JR., ADMINISTRATOR OF THE ESTATE OF NED MARSHALL, DECEASED, PLAINTIFF-RESPONDENT,
v.
GEO. M. BREWSTER & SON, INC., A CORPORATION OF N.J., ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 29, 1961.
Decided July 14, 1961.
*400 Before Judges FOLEY, LEWIS and HERBERT.
Mr. James A. Major argued the cause for defendants-appellants (Mr. James I. Toscano, attorney; Mr. James A. Major, II, on the brief).
Mr. Stanley W. Greenfield argued the cause for plaintiff-respondent.
HERBERT, J.S.C. (temporarily assigned).
This is an appeal from an order of the Law Division which denied a motion for summary judgment made on behalf of the defendants. Being interlocutory, it is here by permission granted under R.R. 2:2-3.
On October 2, 1958 Ned Marshall was killed at a railroad crossing in Pittsburgh, Pennsylvania, when the motor vehicle in which he was riding was struck by a train. The case arises out of that accident. The defendants, a group of contractors engaged in a joint venture, are alleged to have assumed responsibility for conditions at the crossing, and the administrator of Marshall's estate demands damages from them for the death.
The complaint was filed February 5, 1960, more than a year but less than two years after the accident. Was it filed in time? That is the only question to be considered on this appeal. Had suit been brought on the same date in Pennsylvania it would have been too late. The statute of that state creating a cause of action for wrongful death is 12 P.S., §§ 1601-1604. Section 1603 reads as follows:
"The declaration shall state who are the parties entitled in such action; the action shall be brought within one year after the death, and not thereafter."
The comparable New Jersey statute fixes a two-year limit for the commencement of actions based on fatalities caused by wrongs committed here. N.J.S. 2A:31-3. So, if the *401 accident which killed Ned Marshall had happened in this State the suit would be timely.
The general rule applicable to a suit in one state for a death caused in another is stated in 2 Beale on Conflict of Laws, sec. 397.1, page 1316 (1935):
"A limit of time for bringing suit contained in a statute giving damages for death is binding everywhere, and no state will allow suit after the time has elapsed. There is some difference of opinion where the limit in the statute of the state of wrong is a longer one than that in the state of forum."
It is argued for the plaintiff-respondent that this rule should not be applied to the present case. Rosenzweig v. Heller, 302 Pa. 279, 153 A. 346 (Sup. Ct. 1931), is cited as authority. In that case it was held that the one-year period of the Pennsylvania statute barred an action based on a death in a New Jersey accident even though suit had been brought in the Pennsylvania courts within the two-year period prescribed by our statutes.
This result was reached by declaring that the one-year period in which a plaintiff can sue under the Pennsylvania statute is a matter of general procedure, and hence applicable in the Pennsylvania courts to actions brought there on death claims arising elsewhere. It must be conceded that the Supreme Court of Pennsylvania used in its opinion broad language describing the one-year limit (12 P.S., § 1603) as a statute of limitation rather than one conditioning the right of action. If sec. 1603 is merely a statute of limitations  so the argument goes  then a claim on a Pennsylvania fatality brought into the courts of another state has no condition of time attached to it, because a true statute of limitations is merely procedural and applies only in the courts of the state adopting it. To complete this reasoning the plaintiff-respondent contends that there is no provision of New Jersey law which bars the action, the Pennsylvania time limit being inapplicable. In fact the complaint alleges that suit has been "instituted within *402 two years of the date of death of Ned Marshall," an allegation appropriate to a death claim arising out of a New Jersey accident. At least two jurisdictions have followed this line of reasoning and have allowed suits based upon Pennsylvania deaths to be brought after the one-year period specified in the Pennsylvania act. Keys v. Pullman Co., 87 F. Supp. 763 (D. Tex. 1949); Hughes v. Hinson's Garage, Inc., 9 A.D.2d 1014, 194 N.Y.S.2d 324 (App. Div. 1959); Panzironi v. Heath, 197 Misc. 847, 95 N.Y.S.2d 660 (Sup. Ct. 1950).
Yet upon careful examination the authorities cited and relied upon in Rosenzweig v. Heller indicate that the court was considering only the application of the local statute to cut down the period for enforcement in Pennsylvania of a statutory cause of action given longer life by the state which created it. This can be demonstrated by quotations from the opinion (302 Pa. 279, 281; 153 A. 346, 347):
"In his work on Conflict of Laws, § 86, p. 171, Professor Goodrich says the authorities are divided on the question which cannot be regarded as settled. `Suit on a cause of action created by a statute thus limiting the right must, then, be brought within the time fixed by the law creating the claim. Suppose, however, that the lex fori creates a cause of action under similar circumstances, but provides a shorter limitation period. It would seem that the plaintiff could not recover if his action was not within the limitation period set by the lex fori also. The right is not gone until it is lost under the law creating it. But the statute of the forum shows the local policy as to the time in which such actions are to be brought. It could well be interpreted as limiting locally created rights, and as a procedural bar to all actions of this type, no matter where arising.' 2 Wharton's Conflict of Laws (3d ed.) p. 1264, inclines to the view that the limitation of actions is governed by the law of the forum: `Assuming, however, that the time allowed by the foreign statute creating the cause of action has not expired, the plaintiff comes to the bar of the forum with a concededly existing cause of action; but it is not apparent why an action thereon does not, as in the case of an existing cause of action at common law, fall within the operation of the general principle that the limitation of actions is governed by the law of the forum. It may be that the same principle which characterizes the limitation prescribed by the foreign statute as a condition affecting the right of action itself, and not merely *403 the remedy, will, when applied to the corresponding statute of the forum creating a similar cause of action, characterize the limitation prescribed by that statute as a matter of right rather than of remedy, and thus confine its operation to causes of action arising at the forum. This is by no means clear, however, since such a limitation appears to affect both the right and the remedy; and if it does affect the remedy, it is applicable to foreign causes of action not barred by the statute of their creation. * * *'

* * * * * * * *
The American Law Institute in its restatement on Conflict of Laws, No. 4, § 433, sets forth that: `A limit of time for bringing suits contained in the death statute of the place of wrong is binding in every state, and no state will allow a recovery on the statute after the time has elapsed.' In the comment of the Reporter it is said that the limit of time is regarded as a condition of the right, but that `The limit of time in the death statute of the forum may be interpreted as a statute of limitations for actions for death; and in that case the suit must be brought within the time limited in that statute, as well as within the time limited in the statute of the place of injury.'"
The material quoted from the Restatement, Conflicts has since become section 397, with minor changes in language but with little, if any, change in meaning.
What we have quoted from the opinion in Rosenzweig v. Heller, supra, shows that the authorities relied upon by the court recognize that the time limit in a state's death act can be used in two ways: to shorten the period for suing in the courts of that state upon a death claim arising in another state and to set a time limit applicable to all death actions arising locally no matter where suit is brought. In New Jersey it is settled that our two-year limit is an integral part of the right to sue for a death resulting from a wrong committed here, and that no suit can be maintained unless brought within two years of such a death. Peters v. Public Service Corp. of N.J., 132 N.J. Eq. 500 (Ch. 1942), affirmed 133 N.J. Eq. 283 (E. & A. 1943); Lapsley v. Public Service Corp. of N.J., 75 N.J.L. 266 (Sup. Ct. 1908). It is interesting to note, however, that there is at least one reported instance of the New Jersey time limit being applied as was Pennsylvania's in Rosenzweig v. Heller. See Wright v. Kroydon Co., 9 N.J. Misc. 287 (Cir. Ct. 1931). There our two-year limitation was *404 held to bar a suit in New Jersey based upon a fatal accident in Michigan, a state which would have allowed three years for starting the same action in its own courts.
The question here presented has apparently never been answered directly in any reported New Jersey decision. However, in Giardini v. McAdoo, 93 N.J.L. 138, 148 (E. & A. 1919), the court noted that if an amendment to the complaint were not allowed then the plaintiff, whose suit was based upon a fatal accident in Pennsylvania, would be without remedy "because the limitation under the Pennsylvania statute for bringing this sort of action is one year, which has already expired." Lower v. Segal, 59 N.J.L. 66, 69 (Sup. Ct. 1896), held that a complaint by an administratrix was subject to demurrer because the widow was the proper party to sue under the Pennsylvania act for a wrongful death which had occurred in that state; but the court noted: "the year within which, by the Pennsylvania statute, the action could be brought, had expired before the bringing of this suit by the administratrix." In these two cases our courts were not willing to regard the Pennsylvania time limit as applicable only to cases brought in the Pennsylvania courts, but considered that it would be applied to suits brought in New Jersey on fatal accidents occurring in Pennsylvania. That view is supported by text writers and the Restatement, Conflicts. See Beale on Conflict of Laws, supra; Stumberg, Principles of Conflicts of Laws (2d ed. 1951), page 150; and Goodrich on Conflicts and Wharton on Conflicts as cited in the foregoing quotation from Rosenzweig v. Heller. Sec. 397 of the Restatement, Conflict of Laws, reads:
"Limitation of Action for Death.
A recovery under a death statute of the place of wrong cannot be had in any state after the time fixed in the statute for bringing an action has elapsed."
There is no question that the Pennsylvania death statute fixes a time for bringing action. The one-year period is an *405 integral part of the act on which the claim for Ned Marshall's death must be based. As already noted, it is found in section 1603 of an enactment which consists of only sections 1601 through 1604. To this situation a comment of the court in Lower v. Segal, supra, may be applied appropriately (59 N.J.L., at page 68):
"If, however, the statutes be variant as to the form of the remedy, that given by the statute from which the right of action is derived will be enforced, unless it violates some rule or policy of the forum. A procedure that takes a right of action from the statute of one jurisdiction, and a form of redress from that of the other, lacks the legal justification of either."
To reject this sound approach and begin a process of eliminating certain features of foreign death statutes while applying others would inevitably lead to some of the objectionable results suggested by Judge Froessel in his concurring opinion in Kilberg v. Northeast Airlines, Inc., 9 N.Y.2d 34, 50, 211 N.Y.S.2d 133, 144, 172 N.E.2d 526, 535 (Ct. App. 1961).
We conclude that the present action should have been brought within one year after the death of Ned Marshall. It follows that the defendant's motion should have been granted in the Law Division.
The order appealed from is reversed and the case is remanded with a direction that judgment be entered in favor of the defendants.