749 A.2d 391 (2000)
330 N.J. Super. 225
ESTATE OF Jan VIDA, Decedent, through it's Administrator Ad Prosequendum, Suzana KESCIOVA, Plaintiff-Appellant,
v.
THE CITY OF GARFIELD, the City of Garfield Police Department, Officer Samuel D. Sacco, Officer William Bielecki, Officer Keith Hicks, Officer Dennis Lanares, Defense Technologies Corporation of America, and Mace Security International, Inc., Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Submitted March 21, 2000.
Decided April 19, 2000.
Thomas L. Ferro, Ridgewood, for plaintiff-appellant (Nancy C. Ferro, on the brief).
Hurley & Vasios, Short Hills, for defendant-respondent Defense Technology Corporation of America (Patrick J. Sweeney, on the brief).
Before Judges MUIR, Jr., CUFF and LESEMANN.
The opinion of the court was delivered by CUFF, J.A.D.
We granted leave to appeal to determine whether dismissal of plaintiff's complaint against the substituted John Doe defendant, Defense Technologies Corporation of America (Defense) was warranted. The motion judge granted Defense's motion to dismiss on statute of limitations grounds following amendment of the complaint to substitute Defense for a John Doe defendant after expiration of the statute of limitations *392 but under circumstances where the substituted defendant had received actual notice of the complaint before expiration of the statute of limitations. We reverse.
On August 23, 1996, Jan Vida died after the Garfield Police used pepper spray to subdue him. On December 2, 1997, a wrongful death action was commenced by Josef Vida, administrator ad prosequendum. The complaint named as defendants the City of Garfield, its police department, four police officers, Mace Security International, Inc. and fictitious individual and corporate defendants as allowed by R. 4:26-4. One of the fictitious defendants was described as the manufacturer or distributor of the pepper spray used on the decedent. Plaintiff alleged product defect in design and manufacture of the pepper spray, as well as failure to warn of the dangerous propensities of the spray.
On August 11, 1998, plaintiff's attorney learned the identity of the manufacturer and distributor of the pepper spray used on decedent. On that day, plaintiff's attorney forwarded a summons naming Defense and the complaint to Defense by certified mail. In his August 11, 1998 cover letter, plaintiff's counsel advised the president of Defense that "[y]our company is being sued in connection with the death of Jan Vida on August 23, 1996.... Your company is being substituted as a defendant for Mace International, Inc., since your company was the manufacturer of the pepper spray in question,.... The complaint will shortly be amended, via the `John Doe' fictional defendants, to name your company as a defendant." Defense admits that it received the summons and complaint before August 23, 1998, the day the statute of limitations expired.
On December 21, 1998, plaintiff moved to amend the complaint to substitute Defense as a defendant. An order permitting the amendment was filed on January 8, 1999. The First Amended Complaint was filed on January 20, 1999. Defense filed its motion to dismiss and on September 2, 1999, an order was entered dismissing the amended complaint against Defense.
In his August 31, 1999, written opinion, the motion judge found that "plaintiff did not act with reasonable diligence to ascertain the correct identity of the manufacturer/distributer." He noted that the location of the canister was never in question and the identity of the manufacturer/distributer could have been easily ascertained by a physical inspection of the cannister. The motion judge also reasoned that plaintiff should have filed a motion to amend the complaint on an emergent basis once plaintiff learned the identity of the manufacturer/distributer. In addition, the motion judge found that Defense "would be prejudiced by being at risk for punitive damages that would not be covered by its insurance policy." Finally, the motion judge held that a wrongful death action must be commenced within two years of the death of plaintiff's decedent and service of a summons and an unamended complaint prior to the expiration of the limitations period did not satisfy the requirements of the Wrongful Death Act, N.J.S.A. 2A:31-1 to -5 or constitute substantial compliance with the filing requirement.
N.J.S.A. 2A:31-3 provides that a wrongful death action must be commenced within two years of the death of the decedent and not thereafter. This limitation period has been considered a substantive statute of limitations. Marshall v. Geo. M. Brewster & Son, Inc., 68 N.J.Super. 399, 403, 172 A.2d 458 (App.Div.1961), rev'd on other grounds, 37 N.J. 176, 180 A.2d 129 (1962). A substantive statute of limitations conditions not only the remedy but also the right. Negron v. Llarena, 156 N.J. 296, 300, 716 A.2d 1158 (1998); see 22A Am.Jur.2d Death §§ 57, 76 (1988).
As a substantive statute of limitations, the limitation period of the Wrongful Death Act has been applied strictly. Kaczmarek v. New Jersey Turnpike Auth., 77 N.J. 329, 339, 390 A.2d 597 (1978); White *393 v. Violent Crimes Compensation Bd., 76 N.J. 368, 374, 388 A.2d 206 (1978). On the other hand, the fictitious name practice allowed by R. 4:26-4 is permissible in a wrongful death action. Brown v. Kennedy Mem'l Hosp., 312 N.J.Super. 579, 587-88, 711 A.2d 1370 (App.Div.), certif. denied, 156 N.J. 426, 719 A.2d 1024 (1998). Moreover, the Court has also held that there is nothing in the terms of the Wrongful Death Act which precludes application of the doctrine of substantial compliance. Negron, supra, 156 N.J. at 304, 716 A.2d 1158.
In Negron, decedent's administratrix ad prosequendum commenced a timely wrongful death action in the United States District Court for the Southern District of New York against Christ Hospital, which is located in Jersey City. Jurisdiction was predicated on diversity of citizenship. 28 U.S.C.A. § 1332. The matter was transferred to the federal court for the District of New Jersey. Soon thereafter, plaintiff filed a timely amended complaint naming two physicians, both residents of New Jersey. On November 28, 1994, the federal case was voluntarily dismissed due to lack of subject matter jurisdiction in the federal court.[1] On February 16, 1995, four years and three weeks after decedent's death and two years and three weeks after the expiration of the statute of limitations, the complaint was re-filed in the Law Division.
The Court rejected the argument that the action filed in the Law Division was time-barred. Justice Handler held that the doctrine of substantial compliance allows the flexible application of a statute in appropriate circumstances. Negron, supra, 156 N.J. at 304, 716 A.2d 1158. Specifically addressing the facts in Negron, Justice Handler stated:
In the circumstances of this case where an action, though later dismissed, was filed within the time prescribed by the statute of limitations, we can turn initially to that doctrine [substantial compliance] to determine whether the condition implicit in the statute of limitations may be deemed to have been satisfied and whether plaintiff's complaint was timely filed.

[156 N.J. at 304, 716 A.2d 1158].
Ultimately, the Court concluded that application of the doctrine of substantial compliance was appropriate because the filing in federal court was timely, the filing in the Law Division was shortly after the dismissal in federal court, and defendant was not prejudiced because the case had been investigated and actively defended since its filing in federal court. Defendant was undeniably informed of the nature and substance of plaintiff's claim. Id. at 305, 716 A.2d 1158.
Applying the principles set forth in Negron, we conclude that the circumstances in this case warrant application of the doctrine of substantial compliance and require a reversal of the order dismissing the complaint against Defense. Statutes of limitations, whether substantive or procedural in nature, are designed to encourage the litigation of fresh complaints and to provide a defendant with prompt notice of a claim in order to prepare a defense to the claim. Ochs v. Federal Ins. Co., 90 N.J. 108, 112, 447 A.2d 163 (1982); Galligan v. Westfield Centre Serv., Inc., 82 N.J. 188, 191-92, 412 A.2d 122 (1980); Staub v. Eastman Kodak Co., 320 N.J.Super. 34, 49-50, 726 A.2d 955 (App.Div.), certif. denied, 161 N.J. 334, 736 A.2d 527 (1999). That was accomplished in this case. Twelve days before the expiration of the statute of limitations, Defense was informed of the existence and nature of plaintiff's claim against it. Defense cannot claim prejudice due to plaintiff's failure to file the necessary motion to amend the complaint quicker than it did; it knew within the time required by statute of the *394 claim. Furthermore, plaintiff's reliance on the efforts of the City's attorney to obtain the information concerning the identity of the manufacturer and distributor of the pepper spray was not altogether unreasonable. Both plaintiff and the City had an interest in identifying this party. Moreover, the information was received within the limitations period and plaintiff immediately took action to notify Defense of the existence of the claim. Under these unique circumstances, we hesitate to bar an action based on a technical defect. Negron, supra, 156 N.J. at 305, 716 A.2d 1158; Bernstein v. Board of Trustees of Teachers' Pension & Annuity Fund, 151 N.J.Super. 71, 78, 376 A.2d 563 (App.Div. 1977). The September 2, 1999 order dismissing the first amended complaint against Defense is reversed and the matter is remanded for further proceedings.
NOTES
[1] The amendment of the complaint adding the individual physicians destroyed the complete diversity of citizenship required for subject matter jurisdiction. No other basis existed to support subject matter jurisdiction in the federal court.