**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3137-22

CHRIS WILLIAMS,

    Plaintiff-Appellant,

v.

QUICK CHECK,

    Defendant-Respondent.

_____

> Submitted May 15, 2024 – Decided December 30, 2024
>
> Before Judges Vernoia and Gummer.
>
> On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-0066-23.
>
> Anthony Scordo, PC, attorney for appellant (Anthony Scordo III, on the brief)
>
> Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for respondent (Maxwell Leonard Billek and Jennifer L. Moran, of counsel and on the brief).

    The opinion of the court was delivered by

GUMMER, J.A.D.

Plaintiff Chris Williams appeals from an order dismissing his complaint with prejudice for failure to state a cause of action pursuant to Rule 4:6-2(e). In his complaint, plaintiff alleged he was on the premises of defendant QuickChek Corporation[1] when his "right hand was burned as [a] result of hot water melting a Styrofoam cup." The motion judge dismissed the complaint with prejudice, finding plaintiff had failed to plead a claim under the Products Liability Act (PLA), N.J.S.A. 2A:58C-1 to -11, and any attempt to amend the complaint would be futile due to statute-of-limitations issues. We affirm.

I.

On January 9, 2023, plaintiff filed a two-count complaint in the Law Division. In the first count of the complaint, plaintiff alleged defendant was "the owner, party in control and party responsible for the care and maintenance of premises located at 2333 Hamburg Turnpike, Wayne, New Jersey." According to plaintiff, defendant "so carelessly, recklessly and/or negligently . . . maintained, repaired and/or controlled the premises . . . so as to permit a hazard, a nuisance and a trap to exist for persons lawfully on said premises." Plaintiff further alleged that on January 20, 2021, he was lawfully on the

---

[1] In the complaint plaintiff named as defendant "Quick Check." In its submissions to the trial court and this court, defendant identifies itself as "QuickChek Corporation." Accordingly, we refer to defendant as QuickChek.

premises "when as a result of the carelessness, recklessness and/or negligence of [defendant] . . . [his] right hand was burned as a result of hot water melting a Styrofoam cup," causing him injury and disability.

In the second count of the complaint, plaintiff named as defendants fictitious parties who were "the party [sic] responsible for the care, maintenance and party in control and party responsible for repairs of the premises aforesaid." He also claimed the fictitious defendants "so carelessly, recklessly and/or negligently maintained, repaired and/or controlled the premises aforesaid so as to permit a hazard, a nuisance and a trap to exist for persons lawfully on said premises."

In February 2023, defendant moved to dismiss the complaint with prejudice for failure to state a cause of action pursuant to Rule 4:6-2(e). Plaintiff opposed the motion. During oral argument of the motion, the motion judge asked plaintiff's counsel why the complaint was framed as a premises-liability action when "the cup itself and the product itself would have nothing to do with the premises." Plaintiff's counsel responded that defendant "put[s] the cups out. They put the coffee out . . . they put sugar out, so they have to observe and see if what they're putting out there is safe." The judge questioned how plaintiff had a premises-liability case when "you have a hot beverage in a Styrofoam cup

3

and there was a problem with the Styrofoam cup." The judge asked defense counsel if it is "possible in theory for it to simply be a negligence case without bringing in or implicating the PLA?" Defendant counsel responded that plaintiff might have had "a negligence claim against [defendant]; however, that was not pled in this complaint, and . . . any product liability action alleging negligence, strict liability, or other non-PLA theories are subsumed by the PLA and therefore must be dismissed . . . ." The judge noted that in his opposition brief, plaintiff had stated he "admittedly did not include a great deal of detail alleging that the Styrofoam cup that was melted was defectively designed or manufactured . . . ." Plaintiff's counsel responded that "there's enough here to say that we pled a product claim" and that the determination on that point was "up to the [c]ourt." He conceded plaintiff could not "re-plead it at this point."

On May 18, 2023, the judge placed a decision on the record and entered an order granting defendant's motion and dismissing the complaint with prejudice. After first acknowledging the standard a court must apply when deciding a Rule 4:6-2(e) motion, the judge found plaintiff had alleged "a generic premises liability claim against QuickChek" with "common-law negligence" as the "theory of liability." The court, however, discerned that "[t]he essence of plaintiff's complaint is a products liability claim. The complaint asserts that the

plaintiff sustained personal injuries arising from an allegedly defective product supplied by QuickChek, specifically an alleged melted Styrofoam cup." The judge described the PLA as "the exclusive remedy from harm arising out of the use of a product," citing In re Lead Paint Litigation, 191 N.J. 405 (2007), and rejected plaintiff's argument that "under the notice pleading requirements, the complaint was still sufficiently descriptive to plead a cause of action for a product liability" case. The judge held that because plaintiff had "not plead[ed] a PLA claim," he "ha[d] failed to state a cause of action; thus the complaint must be dismissed."

Even though plaintiff had not cross-moved for leave to amend the complaint, the judge considered whether an amendment would be time-barred under the PLA's two-year statute of limitations. See N.J.S.A. 2A:14-2(a) (requiring an action for "an injury to the person caused by the wrongful act, neglect or default of any person . . . shall be commenced within two years next after the cause of any such action"); Kendall v. Hoffman-La Roche, Inc., 209 N.J. 173, 190-91 (2012) (applying the two-year statute of limitations of N.J.S.A. 2A:14-2(a) to a case involving the PLA). The judge found the doctrine of substantial compliance did not apply because plaintiff had "offer[ed] no acceptable explanation as to why a PLA claim was not filed." The judge

reasoned "[t]he reality is that the pleading is simply incorrect." The judge also concluded the doctrine of equitable tolling did not apply. Regarding the fictitious parties named in the complaint, the judge found plaintiff could not amend the complaint to add a PLA claim against the manufacturer or distributor of the Styrofoam cup because "[s]uch a defendant will not have gotten notice of the suit prior to the expiration of the statute," citing Estate of Vida ex rel. Kesciova v. City of Garfield, 330 N.J. Super. 225, 230-31 (App. Div. 2000). The judge characterized the manufacturer or distributor of the cup as "an indispensable party pursuant to Rule 4:28-1," who "cannot now be joined in this action." For those reasons, the judge found an amendment to the complaint would be "futile" and dismissed the complaint with prejudice.

On appeal, plaintiff argues the judge erred in dismissing the complaint for failure to state a cause of action based on the PLA. Plaintiff acknowledges he did not "properly articulate the legal theory as to why defendant should be liable to him for his injuries, by not specifically pleading [a] violation of the PLA or which aspect of the Act was violated," but asserts he set forth in the complaint "the facts necessary to state a cause of action for defendant's violation of the PLA." Unpersuaded by those arguments, we affirm.

## II.

We review a decision on a Rule 4:6-2(e) dismissal motion "de novo, affording no deference to the trial judge's legal conclusions." Maia v. IEW Constr. Grp., 257 N.J. 330, 341 (2024). On a Rule 4:6-2(e) motion, we determine "whether a cause of action is 'suggested' by the facts." Ibid. (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). We "accept the facts alleged in the complaint as true, granting plaintiff 'every reasonable inference of fact.'" Guzman v. M. Teixeira Int'l, Inc., 476 N.J. Super. 64, 67 (App. Div. 2023) (quoting Major v. Maguire, 224 N.J. 1, 26 (2016)). "[A] complaint should not be dismissed under this rule where a cause of action is suggested by the facts and a theory of actionability may be articulated by amendment of the complaint." Pressler & Verniero, Current N.J. Court Rules, cmt. 4.1.1 on R. 4:6-2(e) (2024). However, we will affirm the dismissal of a complaint when the complaint "fails to state a 'claim that supports relief, and discovery will not give rise to such a claim . . . .'" Maia, 257 N.J. at 341-42 (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019)).

"The PLA is the exclusive remedy for personal injury claims arising out of product use." Koruba v. Am. Honda Motor Co., 396 N.J. Super. 517, 531

(App. Div. 2007). "The PLA is intended to protect users from harm caused by defective products by 'establish[ing] clear rules' in 'actions for damages for harm caused by products.'" Sun Chem. Corp. v. Fike Corp., 243 N.J. 319, 333 (2020) (alteration in original) (quoting N.J.S.A. 2A:58C-1(a)). "Specifically, the PLA imposes liability upon the manufacturer or seller for a product's 'manufacturing defects, warning defects, and design defects.'" Ibid. (quoting Assemb. Ins. Comm. Statement to S. Comm. Substitute for S. 2805 (June 22, 1987) (L. 1987, c. 197)). Pursuant to N.J.S.A. 2A:58C-2:

> A manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it: a. deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or b. failed to contain adequate warnings or instructions, or c. was designed in a defective manner.

"Under the PLA, a claimant can recover damages against the 'manufacturer or seller of a product' upon proof 'that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose.'" Sun Chem. Corp., 243 N.J. at 333 (quoting N.J.S.A. 2A:58C-2). "A 'claimant' is 'any person who brings a product liability action,' N.J.S.A. 2A:58C-1(b)(1), and a

8

'product liability action' is a claim for harm caused by a manufacturing, warning, or design defect, 'except actions for harm caused by breach of an express warranty,' N.J.S.A. 2A:58C-1(b)(3)." Ibid.

By enacting the PLA, the Legislature "established a unified theory of recovery for harm caused by products." Dean v. Barrett Homes, Inc., 204 N.J. 286, 288 (2010). In the PLA, the Legislature chose to use "language [that] . . . is both expansive and inclusive, encompassing virtually all possible causes of action relating to harms caused by consumer and other products." Gupta v. Asha Enters., LLC, 422 N.J. Super. 136, 145 (App. Div. 2011) (quoting In re Lead Paint, 191 N.J. at 436-37). "Thus, the Court has held that the PLA subsumes claims for a defective product under the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20, and that Act cannot provide an alternative remedy for injury." Ibid. (citing Sinclair v. Merck & Co., Inc., 195 N.J. 51, 54 (2008)). The PLA "similarly subsumes claims of defect sounding in negligence and breach of implied warranty." Ibid. (citing Koruba, 396 N.J. Super. at 531).

Applying that statutory framework to the language of plaintiff's complaint, we hold the motion judge correctly dismissed the complaint. As the motion judge found, the focus of plaintiff's claim is clearly on a defective Styrofoam cup that melted when hot water was poured into it. Plaintiff should

9

have brought that claim pursuant to the PLA, "the exclusive remedy for personal injury claims arising out of product use." Koruba, 396 N.J. Super. at 531. Instead, plaintiff pleaded his claim as a premises-liability negligence case, a claim subsumed under the PLA. See Gupta, 422 N.J. Super. at 145 (affirming dismissal of "the counts of plaintiffs' complaint alleging negligence, violations of the CFA and breach of implied warranty insofar as they are based upon product defect"). And claiming a party negligently maintained its premises is not the same thing – not even close – as alleging it sold a defective product.

On appeal, plaintiff does not challenge the remaining aspects of the motion judge's decision. He does not raise or brief issues relating to the judge's findings concerning the application of the statute of limitations, plaintiff's use of fictitious parties, the indispensable nature of the cup's manufacturer or distributor, the futility of any attempted amendment to the complaint, or the with-prejudice dismissal of the complaint. Accordingly, we deem those issued waived and do not address them. See Green Knight Cap., LLC v. Calderon, 469 N.J. Super. 390, 396 (App. Div. 2021) (declining to reach an issue plaintiff had failed to raise or brief on appeal), aff'd as modified, 252 N.J. 265 (2022); N.J. Dep't of Env't Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015) (finding "[a]n issue that is not briefed is deemed waived upon appeal").

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

11